**UNITED STATED DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY, Plaintiff, | CIVIL ACTION NO. |
| v. | [redacted] 05 499ML |
| SHIRE CORPORATION, JOHN CLARK DONATELLI, JR., and PETER R. DONATELLI, Defendants. | |

## COMPLAINT

The Plaintiff, United States Fidelity & Guaranty Company ("USF&G" or "Surety"), states and alleges for a cause of action against Shire Corporation, John Clark Donatelli, Jr. and Peter R. Donatelli (hereinafter referred to collectively as the "Indemnitors") as follows:

## PARTIES

1. The Plaintiff, USF&G is a Maryland corporation authorized to do business and issue surety bonds in Rhode Island, among others, with a principal place of business in Baltimore, Maryland.

2. The Defendant Shire Corporation ("Shire"), upon information and belief, is a corporation with its place of business at Three Terminal Road, Providence, Rhode Island.

3. The Defendant John Clark Donatelli, upon information and belief, is an individual residing at 550 Ocean Road, Narragansett, Rhode Island.

4. The Defendant Peter R. Donatelli, upon information and belief, is an individual residing at 550 Ocean Road, Narragansett, Rhode Island.

## JURISDICTION

5. The Court has jurisdiction in this matter under 28 U.S.C. §1332 as the plaintiff has citizenship diverse from the defendants, and the amount in controversy, exclusive of interest, exceeds $75,000.00. Venue is proper in this Court under, among other things, 28 U.S.C. §1391 as a substantial part of the events giving rise to the controversy arose in this district.

## BACKGROUND

6. At all times relevant to this action, USF&G has been in the business of, among other things, issuing payment and performance bond to various obligees on various projects.

7. Shire is a commercial construction contractor licensed to do business in the State of Rhode Island.

8. On or about February 15, 2000, Shire, John Clark Donatelli and Peter R. Donatelli (hereinafter collectively referred to as the "Defendants" or "Indemnitors") executed a General Indemnity Agreement (the "GIA"). A true and correct copy of the GIA is attached hereto as Exhibit A and incorporated herein by reference.

9. Pursuant to the terms and conditions of the GIA, the Defendants are required to collateralize and to otherwise indemnify and save harmless USF&G from and against any and all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of whatever kind or nature which arise by reason of the execution by the Surety of any bond on behalf of the Principal.

10. At various times USF&G, as surety, issued to Shire, as principal, various separate Payment and Performance Bonds, ("the Bonds").

11. In or about June 2005, at the specific request of Shire, USF&G paid $170,000 to settle a claim brought by Service Contracting Inc. against a bond issued by USF&G, as surety, on behalf

of Shire, relative to a project known as Safety Improvements to I-95 Riding Surfaces, Bridges and Ramps, R.I. Contract #2000-CH-034, F.A.P. #IM-0953(091) ("the Project").

12. In addition, as a direct and proximate result of USF&G's issuance of the Bonds, USF&G received and settled various payment bond claims on the Bonds in excess of $37,000.

13. In addition, as a direct and proximate result of USF&G's issuance of the Bonds at the request of and on behalf of Shire, USF&G has incurred and continues to incur legal and other expenses and costs.

14. USF&G also expects to sustain further losses in the form of additional attorneys' fees and expenses as a result of this litigation, all of which are recoverable under the specific terms of the GAI.

15. The GIA requires the Defendants to collateralize and otherwise hold USF&G harmless from all losses, costs, or expenses incurred in connection with the Bonds.

16. To date, the Indemnitors have failed and/or refused to reimburse and/or indemnify USF&G in accordance with their obligations under the GAI.

**Count I – Indemnity**

17. USF&G repeats and incorporates by reference the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18. As a direct result of USF&G's execution of the Bonds on behalf of its principal, Shire, and at the request of the Defendants, and based on the payment of claims related thereto, USF&G as surety has sustained losses, and anticipates sustaining further losses in prosecuting this action.

19. The GIA requires that the Defendants hold USF&G harmless from all losses, costs and expenses incurred in connection with the claims on the Bond.

20. As a result, the Defendants are liable, as indemnitors, to USF&G for all losses, costs, and expenses incurred in relation to any claims on the Bonds it issued on behalf of Shire.

**Count II - Common Law Indemnity**

21. USF&G repeats and incorporates by reference the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22. As a direct and proximate result of USF&G's issuance, as surety, of bonds on behalf of its principal, Shire, and at the request of Shire, US&G has sustained losses and expenses, and anticipates sustaining further losses and expenses in prosecuting this claim for indemnity.

23. Pursuant to USF&G's common law right of indemnity, the Indemnitors are liable to USF&G for all past and future losses, costs and expenses incurred in relation to claims on the Bonds, in addition to the costs, expenses and attorneys' fees incurred in prosecuting this action.

**Count III - Breach of Contract**

24. USF&G repeats and incorporates by reference the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. The Defendants' failure to comply with the terms of the GIA constitutes a breach of the GIA for which the Defendants are liable.

26. The Defendants' refusal to reimburse USF&G for its losses constitutes a breach of the GIA.

27. USF&G has complied with all conditions precedent to commence this action.

**Count IV - Specific Performance**

28. USF&G repeats and incorporates by reference the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. Pursuant to USF&G's common law rights, as well as its rights set forth in the GIA, the Defendants are required to hold the Surety harmless from any loss, costs or expenses, including attorneys' fees and interest.

30. The Defendants have failed to indemnify the Surety for its losses, costs, expenses, and attorneys' fees.

**Count V - Quia Timet/Exoneration**

31. USF&G repeats and incorporates by reference the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. By reason of the Bonds issued by the Surety at the request and on behalf of Shire, the Surety, if so adjudged, may be compelled to pay and satisfy other potential claims or demands on the Bonds.

33. The Surety possesses the equitable rights of Quia Timet and Exoneration to demand that the Defendants adequately secure or collateralize the Surety prior to any payment by the Surety.

34. The Surety's loss of its equitable right of Quia Timet or Exoneration constitutes an irreparable harm for which there is no adequate legal remedy.

**Prayer For Relief**

WHEREFORE, the Surety requests that this Court enter a judgement against the Defendants jointly and severally: (1) requiring Defendants to immediately reimburse the Surety for all incurred losses, plus interest, costs, attorneys' fees and any other incurred expenses; (2) to provide collateral to the Surety in an amount necessary to properly protect it against any potential claims; (3) a judgment against the Defendants for any and all amounts that might be adjudged against it in the pending claims on the Bonds; and (4) all other relief to which it is entitled.

The Plaintiff,
**United States Fidelity & Guaranty Co.,**
By its attorneys,

CharCretia V. Di Bartolo, Bar I.D. #5862
HINSHAW & CULBERTSON, LLP
127 Dorrance St., Fourth Floor
Providence, RI 02903
Phone: (401) 454-7700
Fax: (401) 454-8055

Dated: November 29 2005