**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITES STATES FIDELITY & GUARANTY COMPANY, Plaintiff | : | |
| v. | : | C.A. No. 05-499ML |
| SHIRE CORPORATION; J. CLARK DONATELLI, JR.; and PETER R. DONATELLI, Defendants. | : | |

**DEFENDANTS' ANSWER TO THE PLAINTIFF'S COMPLAINT**

Now come the Defendants, Shire Corporation ("Shire"), J. Clark Donatelli, Jr. ("Clark Donatelli") and Peter R. Donatelli ("Peter Donatelli") (collectively, the "Defendants"), and in accordance with F.R.C.P. 8 and 12 hereby answer the Plaintiff's Complaint as follows:

**Parties**

1. The Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1 of the Plaintiff's Complaint, and therefore, leave the Plaintiff to its proof thereof.

2. Admitted to the extent that Shire is a Rhode Island corporation; denied as to its alleged principal place of business, which is presently in Johnston, Rhode Island.

3. Denied; Clark Donatelli is a resident of South Kingstown, Rhode Island.

4. Denied; Peter Donatelli is a resident of North Kingstown, Rhode Island.

## Jurisdiction

5. The Plaintiff's allegations as to jurisdiction and venue are legal conclusions, to which the Defendants are not required to respond. The Defendants admit that they are Rhode Island citizens for purposes of diversity jurisdiction.

## Background

6. The Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 6 of the Plaintiff's Complaint, and therefore, leave the Plaintiff to its proof thereof.

7. Admitted. Shire is a highway and bridge contractor.

8. The Defendants admit their execution of the document attached as Exhibit A to the Plaintiff's Complaint on or about February 15, 2000.

9. The "GIA" is a written document that speaks for itself. Accordingly, the Defendants neither admit nor deny the Plaintiff's characterization of its terms.

10. Admitted.

11. Admitted to the extent that the Plaintiff remitted the settlement payment to a subcontractor on the "Project" known as Service Contracting, Inc., in order to resolve litigation prosecuted by Service Contracting, Inc. against Shire and the Plaintiff. The Defendants neither admit nor deny the remaining allegations in Paragraph 11 of the Plaintiff's Complaint.

12. The Defendants admit that the Plaintiff paid some other relatively small subcontractor bond claims on the Project, but are unable to admit or deny the amount of those claims, the legitimacy of those claims or the identities of those claimants.

13. The Defendants admit that the Plaintiff incurred legal fees and costs in defending and resolving the Service Contracting, Inc. litigation. The Defendants deny the Plaintiff's incurring of any past or future legal fees and expenses beyond that litigation.

14. The Plaintiff alternatively refers to the subject contract as a "GIA" and a "GAI." Assuming that the Plaintiff is referring to Exhibit A under either circumstance, the Defendants deny the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. The "GIA" is a written document that speaks for itself. Accordingly, the Defendants neither admit nor deny the Plaintiff's characterization of its terms. To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. Denied.

**Causes of Action**

COUNT I – INDEMNITY

17. The Defendants repeat and reaver their responses to Paragraphs 1-16 of the Plaintiff's Complaint, as if set forth fully herein.

18. Denied.

19. The "GIA" is a written document that speaks for itself. Accordingly, the Defendants neither admit nor deny the Plaintiff's characterization of its terms. To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. Denied.

COUNT II – COMMON LAW INDEMNITY

21. The Defendants repeat and reaver their responses to Paragraphs 1-20 of the Plaintiff's Complaint, as if set forth fully herein.

22. Denied.

23. Denied.

COUNT III – BREACH OF CONTRACT

24. The Defendants repeat and reaver their responses to Paragraphs 1-23 of the Plaintiff's Complaint, as if set forth fully herein.

25. Denied.

26. Denied.

27. Denied.

COUNT IV – SPECIFIC PERFORMANCE

28. The Defendants repeat and reaver their responses to Paragraphs 1-27 of the Plaintiff's Complaint, as if set forth fully herein.

29. Denied.

30. Denied.

COUNT V – QUIA TIMET / EXONERATION

31. The Defendants repeat and reaver their responses to Paragraphs 1-30 of the Plaintiff's Complaint, as if set forth fully herein.

32. The Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 32 of the Plaintiff's Complaint, and therefore, leave the Plaintiff to its proof thereof.

33. The Plaintiff's allegations as to the equitable concepts of exoneration and *quia timet* are legal conclusions, to which the Defendants are not required to respond. To the extent that the allegations contained in Paragraph 33 of the Plaintiff's Complaint seek to assert liability against the Defendants, those allegations are denied.

34. The Plaintiff's allegations as to the equitable concepts of exoneration and *quia timet* are legal conclusions, to which the Defendants are not required to respond. To the extent that the allegations contained in Paragraph 34 of the Plaintiff's Complaint seek to assert liability against the Defendants, those allegations are denied.

WHEREFORE, the Defendants request that this Court: (a) enter judgment in favor of each of them and against the Plaintiff on all Counts of the Plaintiff's Complaint; (b) dismiss the Plaintiff's Complaint in its entirety; (c) deny the Plaintiff's requests for specific performance and other non-monetary relief; (d) award the Defendants their attorneys' fees, costs and expenses incurred in defending this action; and (e) grant such other and further relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFRIRMATIVE DEFENSE

As to the actions taken by the Defendants and/or by any one of them, the Defendants plead the defense of justification.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that the Plaintiff has failed to properly mitigate its damages.

THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that the Plaintiff has failed to join an indispensable party under F.R.C.P. 19 – namely, the State of Rhode Island Department of Transportation which is the owner of the project at issue.

FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that, if the Plaintiff suffered losses as alleged, such losses were caused by the owner of the bonded project, for whose conduct the Defendants were not and are not legally responsible.

FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that the State of Rhode Island is holding contract funds that should be immediately paid to Shire, which funds would satisfy, in whole or in part, the losses claimed by the Plaintiff.

**JURY DEMAND**

THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL OF THE PLAINTIFF'S CLAIMS SO TRIABLE.

SHIRE CORPORATION;
J. CLARK DONATELLI, JR.; and
PETER R. DONATELLI

By their attorneys,

Randall L. Souza (#4882)
SHECHTMAN HALPERIN SAVAGE, LLP
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400
(401) 272-1403 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defendants' Answer to Plaintiff's Complaint was served on this 6th day of February, 2006 via first-class mail, postage prepaid to:

CharCretia V. DiBartolo, Esq.
HINSHAW & CULBERTSON LLP
One International Place
Boston, MA. 02110