UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SHIRE CORPORATION, JOHN CLARK DONATELLI, JR., and PETER R. DONATELLI,<br><br>Defendants. | CIVIL ACTION NO. 05-499 |

**UNITED STATES FIDELITY AND GUARANTY COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AGAINST THE DEFENDANTS**

Plaintiff United States Fidelity and Guaranty Company ("USF&G"), hereby submits this Memorandum of Law in support of its Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(c).

## INTRODUCTION

This matter involves claims by USF&G against Defendants, Shire Corporation ("Shire"), John Clark Donatelli and Peter R. Donatelli (collectively "Defendants" or "Indemnitors") arising out of a General Agreement of Indemnity ("GAI") signed by the Indemnitors. In reliance on the GAI, USF&G issued certain bonds relating to construction projects in Rhode Island. USF&G received numerous claims as the result of its issuance of a bond on one particular project and seeks to recover its losses incurred as a result of those claims. Because the Indemnitors promised to indemnify and hold harmless USF&G and cannot now show that USF&G acted

fraudulently or collusively in paying these claims and incurring various legal fees and expenses in defending these claims, judgment must enter in favor of USF&G.

## I. STATEMENT OF UNDISPUTED MATERIAL

### A. The General Agreement of Indemnity

At all times relevant to this action, USF&G has been in the business of, among other things, issuing performance and payment surety bonds to various contractors to secure their performance on various construction projects. *See* USF&G's Concise Statement of Undisputed Material Facts (hereinafter "Statement of Facts"). At all times relevant to this action, Shire is or was in the business of construction contracting and licensed to do business in the State of Rhode Island. Statement of Facts at ¶2.

On or about February 15, 2000, Shire, John Clark Donatelli, Jr. and Peter R. Donatelli executed a General Agreement of Indemnity ("GAI") for the purpose of indemnifying USF&G in connection with surety bonds issued by USF&G on behalf of Shire for certain construction projects. Statement of Facts at ¶3. The GAI provides that

> the [Indemnitors] shall indemnify [USF&G] and hold it harmless from and against all liability, losses, costs, damages, attorneys' fees, disbursements and expenses of every nature which [USF&G] may sustain or incur by reason of, or relating to, having executed or procured the execution of any such bond, or that may be sustained or incurred by reason of making any investigation of any matter, or prosecuting or defending any claim in connection with any such bond, or recovering any salvage or enforcing any provision of this Agreement.

Statement of Facts at ¶4.

The GAI further provides that

> [t]he indemnitors shall pay to [USF&G] all money which [USF&G] or its representatives may pay or cause to be paid and shall pay to [USF&G] such sum as may be necessary to exonerate

> and hold it harmless with respect to any liability which may be asserted against [USF&G] as soon as liability exists or is asserted against [USF&G], whether or not [USF&G] shall have made any payment therefor.

Statement of Facts at ¶5.

Finally, the GAI states that

> [i]n the event of any payment by [USF&G], the [Indemnitors] further agree that in any accounting between [USF&G] and the [Indemnitors], [USF&G] shall be entitled to charge for any and all disbursements made by it in good faith under the belief that it is or was liable for the sums and amounts disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed.

Statement of Facts at ¶6.

**B. Claims on the Bond**

Subsequent to the execution of the GAI, at various times, USF&G, as surety, issued to Shire, as principal, various separate Payment and Performance Bonds. Statement of Facts at ¶7. Specifically, on or about May 24, 2000, USF&G, as surety, issued a Contractor Bond For Complete Performance and Full Payment (hereinafter "the Bond") to Shire, as principal, in connection with a project known as Safety Improvements to I-95 Riding Surfaces, Bridges and Ramps, R.I. Contract #2000-CH-034, F.A.P. #IM-0953(091) (hereinafter "the Project"). Statement of Facts at ¶8.

Subsequent to the issuance of the Bond, numerous subcontractors and/or suppliers of labor and materials, including, but not limited to, Service Contracting, Inc., PRM Concrete Corporation, United Rentals Highway Technologies, and Contractor Supply, Inc., made claims against the Bond relative to the Project. Statement of Facts at ¶9. USF&G resolved certain of those claims, either at the specific request of Shire or after seeking Shire's input but receiving no

information from Shire regarding its defenses to the claims. These claims are more specifically described below. In addition, USF&G incurred legal fees and costs in defending certain other claims which were ultimately resolved by Shire.

**(1) Service Contracting, Inc.**

On or about October 23, 2002, USF&G received correspondence from Service Contracting, Inc. ("Service Contracting"), a subcontractor to Shire, asserting a claim against the Bond in connection with labor and materials furnished relative to the Project. Statement of Facts at ¶10. In or about June 2005, at the specific request of Shire, USF&G paid $172,500.00 to Service Contracting to settle its claim against the Bond and Shire relative to the Project. Statement of Facts at ¶11.

**(2) PRM Concrete Corporation**

On or about May 27, 2003, USF&G received correspondence from PRM Concrete Corporation ("PRM"), a subcontractor to Shire, asserting a claim against the Bond in connection with labor and materials furnished relative to the Project. Statement of Facts at ¶12. On or about July 14, 2003, USF&G received an Affidavit of Claim from PRM. Id. In response to PRM's claim, USF&G made numerous attempts to obtain Shire's written position and supporting documentation regarding Shire's defenses to PRM's claim. This included multiple letters dated June 17, 2003, July 15, 2003, July 29, 2003, August 5, 2003, and August 26, 2003. Statement of Facts at ¶13.

By letter dated September 17, 2003, USF&G made its final attempt to obtain Shire's written position and payment intentions regarding PRM's claim. Statement of Facts at ¶14. The letter stated that if USF&G did not hear from Shire with its position by October 1, 2003, USF&G would settle PRM's claim and seek repayment from the indemnitors under the terms of the GAI.

Statement of Facts at ¶14. Because Shire did not respond to USF&G's numerous requests for documentation to support any defenses Shire might have had regarding PRM's claim, USF&G, under the terms of the GAI, in good faith, accepted PRM's claim and made payment to PRM in the amount of $22,303.25 under the belief that it was necessary and expedient to make this disbursement to PRM. Statement of Facts at ¶15.

**(3) United Rentals Highway Technologies**

On or about July 14, 2003, USF&G received correspondence from United Rentals Highway Technologies ("URHT"), a subcontractor to Shire, informing USF&G of a pending claim against the Bond in connection with labor and materials furnished relative to the Project. Statement of Facts at ¶16. On or about August 8, 2003, USF&G received an Affidavit of Claim from URHT supporting its claim against the Bond with regard to the project. Statement of Facts at ¶16. In response to URHT's claim, USF&G made numerous attempts to obtain Shire's written position and supporting documentation regarding Shire's defenses to URHT's claim. These attempts included letters dated July 25, 2003 and August 12, 2003. Statement of Facts at ¶17.

On September 17, 2003, USF&G made its final attempt to obtain Shire's written position and payment intentions regarding URHT's claim, which stated that if USF&G did not hear from Shire with its position by October 1, 2003, that USF&G would settle URHT's claim and seek repayment from the indemnitors under the terms of the GAI. Statement of Facts at ¶18. Because Shire did not respond to USF&G's numerous requests for documentation to support any defenses Shire might have had regarding URHT's claim, USF&G, under the terms of the GAI, in good faith, accepted URHT's claim and made payment to URHT in the amount of $5,685.00 under the belief that it was necessary and expedient to make this disbursement to URHT. Statement of Facts at ¶19.

**(4) Contractor Supply, Inc.**

On or about January 6, 2004, USF&G received correspondence dated January 2, 2004, from Contractor Supply, Inc. ("Contractor Supply"), a subcontractor to Shire, informing USF&G of a pending claim against the Bond in connection with building materials furnished relative to the Project. Statement of Facts at ¶20. On or about February 20, 2004, USF&G received an Affidavit of Claim from Contractor Supply supporting its claim against the Bond with regard to the Project. Statement of Facts at ¶20.

In response to Contractor Supply's correspondence and Affidavit of Claim, USF&G made numerous attempts to obtain Shire's written position and supporting documentation regarding Shire's defenses to Contractor Supply's claim. These attempts included multiple letters dated February 25, 2004, April 20, 2004, and April 28, 2004. Statement of Facts at ¶21.

On or about June 15, 2004, USF&G made its final attempt to obtain Shire's written position and payment intentions regarding Contractor Supply's claim, which stated that if USF&G did not hear from Shire with its position within 5 days, that USF&G would settle Contractor Supply's claim and seek repayment from the indemnitors under the terms of the GAI. Statement of Facts at ¶22. Because Shire did not respond to USF&G's numerous requests for documentation to support any defenses Shire might have had regarding Contractor Supply's claim, USF&G, under the terms of the GAI, in good faith, accepted Contractor Supply's claim and made payment to Contractor Supply in the amount of $7,215.25 under the belief that it was necessary and expedient to make this disbursement to Contractor Supply. Statement of Facts at ¶23.

**(5) Cosco**

Cosco filed suit against Shire and USF&G in 2004, Cosco, Inc. v. Shire Corporation, et al., Providence Superior Court Civil Action No. 04-0365, asserting a claim for $267,128.94, plus interest and fees, against Shire and USF&G. Statement of Facts, ¶24. Despite representations by Shire that the Cosco matter has settled as regards the claim relating to USF&G, Shire has been unable to secure a stipulation of dismissal as regards USF&G regarding this complaint. Id.

**(6) Legal Fees and Costs**

In addition to the indemnity payments referenced above, as a direct and proximate result of Shire's breach of the GAI, USF&G has incurred approximately $53,706.83 in legal fees and expenses in connection with resolving multiple subcontractor claims relative to the Project. Statement of Facts at ¶25. These legal fees and expenses were incurred, not only regarding the claims discussed above, but also regarding claims raised against Shire and USF&G by the additional subcontractors listed on Exhibit C to the Kasten Affidavit; Statement of Facts at ¶26. These additional matters have been settled and/or resolved without any payment to the claimants by USF&G. Statement of Facts at ¶25. USF&G did, however, incur legal fees and expenses in defending lawsuits filed by certain of these claimants. Statement of Facts at ¶27.[1]

## II. LAW AND ARGUMENT

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "when the record shows that the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56 (c). A fact is "material if it carries with it the potential to affect the outcome of the suit under the applicable law." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000). "An issue is genuine if the evidence presented is such that a reasonable jury could resolve the issue in favor of the nonmoving party." Fajardo Shopping Ctr., S.E. v. Sun Alliance Ins. Co. of Puerto Rico, Inc., 167 F.3d 1, 7 (1st Cir. 1999). The party moving for summary judgment "bears the initial burden, which may be discharged by pointing to the absence of adequate evidence supporting the nonmoving party's case." Michelson v. Digital Financial Services, 167 F.3d 715, 720 (1st Cir.1999) (*citations omitted*). Once the moving party has met its burden, "the onus is on the nonmoving party to present facts that show a genuine issue for trial." Id. (*citations omitted*).

The party opposing summary judgment may not rest on mere allegations or denials of his pleadings but must produce "definite, competent evidence" on which the nonmovant bears the ultimate burden of proof. Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir.1991), *cert. denied*, 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992) (*citations omitted*). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (stating that summary judgment must enter "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). Here, Defendants cannot dispute that they signed the GAI but have failed to reimburse USF&G. Moreoever, because the Indemnitors will be

[1] Invoices for legal services rendered as well as copies of the computer printouts generated when checks for payment are requested (verifying payment for these legal fees and expenses) are attached to the Kasten Affidavit at Exhibit N; Statement of Facts at ¶26.

unable to prove that USF&G acted in fraudulently or collusively in paying claims and expenses related to the Bond, summary judgment must enter in favor of USF&G.

**B. USF&G IS ENTITLED TO INDEMNIFICATION AS A MATTER OF LAW BECAUSE THE DEFENDANTS SIGNED THE GAI, USF&G INCURRED LOSSES AND DEFENDANTS HAVE FAILED TO REIMBURSE USF&G.**

It is well settled that a surety is entitled to indemnification for payments made to discharge its principal's obligations. See Pearlman v. Reliance Ins. Co., 371 U.S. 132, 137 (1962); Admiral Drywall, Inc. v. Cullen, 56 F.3d 4, 5 (1st Cir. 1995) (quoting Pearlman); Massachusetts Bonding & Ins. Co. v. Gautieri, 69 R.I. 70, 30 A.2d 848, 852 (1943). In this case, Defendants, Shire, John Clark Donatelli and Peter Donatelli, admit that they signed the GAI in favor of USF&G. Statement of Facts, ¶3.

An express indemnity agreement between a surety and its principal's indemnitors is a contract, and should therefore be interpreted like any ordinary contract. Under Rhode Island law, where a contract is clear and unambiguous, the court will enforce the contract according to its terms. Manning v. New Eng. Power Co. et al, 2004 R.I. Super. Lexis 216 (R.I. 2004). In this case, Defendants signed a clear and unambiguous indemnity contract. The title of the document is "General Agreement of Indemnity," and its provisions make clear that the sole purpose of the General Agreement of Indemnity is to impose upon the Defendants the obligation to fully indemnify USF&G from and against any and all liability incurred as a result of issuing bonds on behalf of Shire, in reliance upon which obligation USF&G did provide such bonds. Pursuant to the GAI, Defendants promised to:

> indemnify [USF&G] and hold it harmless from and against all liability, losses, costs, damages, attorneys' fees, disbursements and expenses of every nature which [USF&G] may sustain or incur by reason of, or relating to, having executed or procured the execution of any such bond, or that may be sustained or incurred by reason of making any investigation of any matter, or prosecuting or

> defending any claim in connection with any such bond, or recovering any salvage or enforcing any provision of this Agreement.

Statement of Facts, ¶4. In reliance on Defendants' execution of the GAI, USF&G issued a Bond on behalf of Shire. Statement of Facts, ¶7. As a result of issuing the Bonds on behalf of Shire, USF&G has incurred and continues to incur losses arising out of USF&G's execution of the Bond. See generally Statement of Facts.

The Supreme Court of Rhode Island, as well as other state and federal courts, has specifically held that a surety seeking indemnification based on an indemnity agreement is entitled to judgment as a matter of law where (1) the defendants signed the indemnity agreement, (2) the surety incurred losses, and (3) the defendants have refused to indemnify the surety. See St. Paul, 641 A.2d at 1300; Massachusetts Bonding, 69 R.I. 70, 30 A.2d at 852 (citing Carroll v. National Surety Co., 24 F.2d 268, 270 (App.D.C. 1928)); see also, e.g., Marotta v. American Sur. Co. of New York, 64 F.2d 77, 80 (1st Cir. 1933); Westchester Fire Ins. Co. v. Campbell, 863 F.Supp. 32, 33 (D.Me. 1994) (holding that unambiguous indemnity agreement will be enforced according to its clear terms); Republic Ins. Co. v. Pat DiNardo Auto Sales, Inc., 678 A.2d 516, 523 (Conn.Super. 1995) (holding defendants liable to surety for reimbursement based on fact of execution and clear purpose of indemnity agreement); Hartford Acc. & Indemn. Co. v. Millis Roofing and Sheet Metal, Inc., 418 N.E.2d 645, 646-47, 11 Mass.App.Ct. 998, 999 (1981) (holding merit of surety's payments not material because surety averred that it settled claims based on good faith belief, and defendants had no evidence to contradict); American Employers' Ins. Co. v. Horton, 622 N.E.2d 283, 285, 35 Mass.App.Ct 921, 923-24 (Mass.App.Ct. 1993) (holding defendants' expressions of belief in disagreement

with surety's payments not sufficient to defeat summary judgment). USF&G has satisfied each of these elements.

Based on the foregoing, there can be no reasonable dispute that, as signatories to the GAI, Defendants are required to indemnify USF&G for all of its losses, including claims paid by USF&G, expenses incurred in investigating claims made against its bonds, and attorneys' fees and expenses.

### C. DEFENDANTS CANNOT SHOW THAT USF&G ACTED FRAUDULENTLY OR COLLUSIVELY IN PAYING ANY CLAIMS OR EXPENSES RELATED TO THE BOND.

In this jurisdiction, a surety is afforded broad discretion in settling claims. In Fireman's Insurance Co. of Newark, N.J. v. Todesca Equipment et al., 310 F.3d 32 (1st Cir. 2002), the First Circuit Court of Appeals, reviewing a decision of the U.S. District Court for the District of Rhode Island, construed an indemnity agreement with identical language as that contained in the GAI. Relying on Massachusetts Bonding & Insurance Company v. Gautieri, 69 R.I. 70, 30 A.2d 848 (1943) and construing Rhode Island law, the First Circuit held that, given the broad discretion afforded the surety by the terms of the indemnity agreement, indemnitors must prove "fraud or collusion in order to avoid repayment of the claim" paid by the surety. Todesca, 310 F.3d at 37. The Todesca court went on to find that, given the "stringent language" of the indemnity agreement, the common law principals of good faith and fair dealing do not apply in this context. Id.

The GAI at issue in this case similarly affords USF&G broad discretion to settle claims. USF&G exercised its broad discretion to settle claims for which it now seeks reimbursement pursuant to the express terms of the GAI. The pleadings and affidavits in this matter clearly

indicate that USF&G complied with its obligations under the GAI when it paid various claimants, including Service Contracting, PRM, URHT and Contractor Supply.

As respects the Service Contracting claim, Shire specifically requested that USF&G pay to Service Contracting the amount of $172,500.00. Thus, there can be absolutely no doubt that this amount is due and owing to USF&G under the GAI.

As respects the PRM, URHT and Contractor Supply claims, because Shire consistently failed to respond to USF&G's repeated attempts to obtain Shire's defenses to these claims, USF&G paid these claims under the belief that it is or was liable for the sums disbursed, and that it was necessary or expedient to make such payments. Pursuant to the clear and unambiguous terms of the GAI, irrespective of whether or not such liability, necessity or expediency existed, the Indemnitors are liable to pay USF&G the amounts claimed. See Statement of Facts, ¶6.

Finally, USF&G is entitled to recover its legal fees and expenses as described in the Affidavit of Roxanne Kasten. Such fees and expenses were incurred as a result of USF&G's issuance of the Bond and as a direct result of litigation commenced by claimants on the Bond. Because USF&G was required to defend itself from such claims, USF&G is entitled to recover these amounts as well under the GAI. Statement of Facts, ¶¶4,6.[2]

Defendants can present no evidence that USF&G made any payments to claimants or incurred any expense under the GAI in a fraudulent and/or collusive manner. As set forth in Todesca, the only defense that Shire or the Indemnitors can raise in order to prevail in this action is to prove that USF&G engaged in fraud or collusion in deciding to settle the various

[2] USF&G continues to incur legal fees and expenses in this litigation and is entitled to recover those fees and expenses under the GAI. Accordingly, USF&G seeks leave of this Court to supplement its demand as such fees and expenses are incurred.

subcontractor claims or in incurring and paying its legal fees and other expenses. Because they cannot make such a showing, USF&G is entitled to summary judgment on all counts.

**D. PURSUANT TO THE GAI, USF&G IS ENTITLED TO EXONERATION WITH RESPECT TO THE COSCO CLAIM, WHICH HAS NOT BEEN DISMISSED WITH PREJUDICE DESPITE REPRESENTATIONS BY COSCO THAT THE MATTER HAS BEEN SETTLED.**

Per paragraph 6 of the GAI, the Indemnitors "shall pay to [USF&G] … such sum as may be necessary to exonerate and hold it harmless with respect to any liability which may be asserted against [USF&G] as soon as liability exists or is asserted against [USF&G], whether or not [USF&G] shall have made any payments therefore." Cosco filed suit against Shire and USF&G in 2004, asserting a claim for $267,128.94, plus interest and attorneys' fees. Statement of Facts, ¶24. Despite representations by Shire that the Cosco matter has settled as regards the claim relating to USF&G, Shire has been unable to secure and has not provided to USF&G a stipulation of dismissal with prejudice of that complaint. Id.

To the extent the Cosco matter remains open and the claim has not been dismissed against USF&G, Shire must hold harmless USF&G with respect to this claim. *See*, e.g., *Admiral Oriental Line v. U.S.*, 86 F.2d 201, 204 (2nd Cir. 1936) ("before paying the debt, the surety may call upon the principal to exonerate him by discharging it; he is not obliged to make inroads into his own resources when the loss must in the end fall upon the principal"). Pursuant to ¶6 of the GAI, Shire must exonerate USF&G and place USF&G in funds in an amount sufficient to satisfy this liability and, in no event, less than $267,128.94, or in the alternative, if the liability has been released, secure a dismissal of the action with prejudice.

**CONCLUSION**

For the foregoing reasons, the Court should grant USF&G's motion for summary judgment as to all counts and claims alleged in its complaint. All of the payments made by USF&G were made as a consequence of USF&G's issuance of the Bond. The Indemnitors can present absolutely no evidence of fraud or collusion on the part of USF&G in making these payments. Thus, the Indemnitors are liable to USF&G for all amounts paid and have breached the GAI by failing to compensate USF&G for its losses.

WHEREFORE, United States Fidelity and Guaranty Company respectfully requests that the Court grant this Motion for Summary Judgment in its entirety, enter judgment in its favor in the amount of $261,410.33 plus interest and award such other and further relief that the Court deems just and proper.

Respectfully submitted,
**UNITED STATES FIDELITY AND GUARANTY COMPANY**
By its attorneys,

*/s/ CharCretia V. Di Bartolo*

CharCretia V. Di Bartolo (#5862)
HINSHAW & CULBERTSON LLP
127 Dorrance Street
Providence, RI 02903
Telephone: (401) 454-7700
Facsimile: (401) 454-8855

Dated: August 3, 2006

**CERTIFICATE OF SERVICE**

I, CharCretia V. Di Bartolo, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 3, 2006.

*/s/ CharCretia V. Di Bartolo*

CharCretia V. Di Bartolo