**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SHIRE CORPORATION, JOHN CLARK DONATELLI, JR., and PETER R. DONATELLI,<br><br>Defendants. | CIVIL ACTION NO. 05-499 |

**PLAINTIFF UNITED STATES FIDELITY AND GUARANTY COMPANY'S CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LR CV 56**

Pursuant to LR CV 56, Plaintiff United States Fidelity & Guaranty Company ("USF&G") submits the following Concise Statement of Undisputed Material Facts:

1. At all times relevant to this action, USF&G has been in the business of, among other things, issuing performance and payment surety bonds to various contractors to secure their performance on various construction projects. Affidavit of Roxanne Kasten (hereinafter "Kasten Affidavit") at ¶2, attached hereto as Exhibit 1.

2. At all times relevant to this action, upon information and belief, Shire Corporation ("Shire") is or was in the business of construction contracting licensed to do business in the State of Rhode Island. Answer at ¶7.

3. On or about February 15, 2000, Shire, John Clark Donatelli and Peter R. Donatelli (hereinafter collectively referred to as the "Defendants" or "Indemnitors") executed a General Agreement of Indemnity ("GAI") for the purpose of indemnifying USF&G in connection with surety bonds issued by USF&G on behalf of Shire for certain construction projects. Answer of Defendants, at ¶8; Kasten Affidavit at ¶4. A true and correct copy of the GAI is attached to the Kasten Affidavit as Exhibit A.

4. The GAI provides (¶6) that "the [Indemnitors] shall indemnify [USF&G] and hold it harmless from and against all liability, losses, costs, damages, attorneys' fees, disbursements and expenses of every nature which [USF&G] may sustain or incur by reason of, or relating to, having executed or procured the execution of any such bond, or that may be sustained or incurred by reason of making any investigation of any matter, or prosecuting or defending any claim in connection with any such bond, or recovering any salvage or enforcing any provision of this Agreement." Kasten Affidavit at ¶5.

5. The GAI provides (¶6) that "[t]he indemnitors shall pay to [USF&G] all money which [USF&G] or its representatives may pay or cause to be paid and shall pay to [USF&G] such sum as may be necessary to exonerate and hold it harmless with respect to any liability which may be asserted against [USF&G] as soon as liability exists or is asserted against [USF&G], whether or not [USF&G] shall have made any payment therefor." Kasten Affidavit at ¶6.

6. The GAI provides (¶6) that "[i]n the event of any payment by [USF&G], the [Indemnitors] further agree that in any accounting between [USF&G] and the [Indemnitors], [USF&G] shall be entitled to charge for any and all disbursements made by it in good faith under the belief that it is or was liable for the sums and amounts disbursed, or that it was necessary or

expedient to make such disbursements, whether or not such liability, necessity or expediency existed." Kasten Affidavit at ¶7.

7. Subsequent to the execution of the GAI, at various times, USF&G, as surety, issued to Shire, as principal, various separate Payment and Performance Bonds. Kasten Affidavit at ¶8.

8. Specifically, on or about May 24, 2000, USF&G, as surety, issued a Contractor Bond For Complete Performance and Full Payment (hereinafter "the Bond") to Shire, as principal, in connection with a project known as Safety Improvements to I-95 Riding Surfaces, Bridges and Ramps, R.I. Contract #2000-CH-034, F.A.P. #IM-0953(091) (hereinafter "the Project"). Kasten Affidavit at ¶9. A true and correct copy of the Bond is attached to the Kasten Affidavit as Exhibit B.

9. Subsequent to the issuance of the Bond, several subcontractors and/or suppliers of labor and materials, including, but not limited to, Service Contracting, Inc., PRM Concrete Corporation, United Rentals Highway Technologies, and Contractor Supply, Inc., made claims against the Bond relative to the Project. Kasten Affidavit at ¶10. A complete list of all subcontractors that made claims on the Bond is attached to the Kasten Affidavit as Exhibit C.

10. On or about October 23, 2002, USF&G received correspondence from Service Contracting, Inc. ("Service Contracting"), a subcontractor to Shire, asserting a claim against the Bond in connection with labor and materials furnished relative to the Project. Kasten Affidavit at ¶ 11. A true and correct copy of the October 23, 2002 letter is attached to the Kasten Affidavit as Exhibit D.

11. In or about June 2005, at the specific request of Shire, USF&G paid $172,500.00 to Service Contracting Inc. to settle its claim against the Bond and Shire relative to the Project. Kasten Affidavit at ¶12.

12. On or about May 27, 2003, USF&G received correspondence from PRM Concrete Corporation ("PRM"), a subcontractor to Shire, asserting a claim against the Bond in connection with labor and materials furnished relative to the Project. Kasten Affidavit at ¶13. On or about July 14, 2003, USF&G received an Affidavit of Claim from PRM supporting its claim. A true and correct copy of the May 27, 2003 letter and the Affidavit are attached to the Kasten Affidavit as Exhibit E.

13. In response to PRM's claim, USF&G made numerous attempts to obtain Shire's written position and supporting documentation regarding Shire's defenses to PRM's claim. This included multiple letters dated June 17, 2003, July 15, 2003, July 29, 2003, August 5, 2003, and August 26, 2003. Kasten Affidavit at ¶14. True and correct copies of these letters are attached to the Kasten Affidavit and collectively referenced as Exhibit F.

14. By letter dated September 17, 2003, USF&G made its final attempt to obtain Shire's written position and payment intentions regarding PRM's claim. The letter stated that if USF&G did not hear from Shire with its position by October 1, 2003, USF&G would settle PRM's claim and seek repayment from the indemnitors under the terms of the GAI. Kasten Affidavit at ¶15. A true and correct copy of the September 17, 2003 letter is attached to the Kasten Affidavit as Exhibit G.

15. Because Shire did not respond to USF&G's numerous requests for documentation to support any defenses Shire might have had regarding PRM's claim, USF&G, under the terms of the GAI, in good faith, accepted PRM's claim and made payment to PRM in the amount of

$22,303.25 under the belief that it was necessary and expedient to make this disbursement to PRM. Kasten Affidavit at ¶16.

16. On or about July 14, 2003, USF&G received correspondence from United Rentals Highway Technologies ("URHT"), a subcontractor to Shire, informing USF&G of a pending claim against the Bond in connection with labor and materials furnished relative to the Project. Kasten Affidavit at ¶17. On or about August 8, 2003, USF&G received an Affidavit of Claim from URHT supporting its claim against the Bond with regard to the project. Kasten Affidavit at ¶17. True and correct copies of the July 14, 2003 correspondence and the August 8, 2003 Affidavit of Claim are attached to the Kasten Affidavit and collectively referred to as Exhibit H.

17. In response to URHT's claim, USF&G made numerous attempts to obtain Shire's written position and supporting documentation regarding Shire's defenses to URHT's claim. These attempts included letters dated July 25, 2003 and August 12, 2003. Kasten Affidavit at ¶18. True and correct copies of these letters are attached to the Kasten Affidavit and collectively referenced as Exhibit I.

18. On September 17, 2003, USF&G made its final attempt to obtain Shire's written position and payment intentions regarding URHT's claim, which stated that if USF&G did not hear from Shire with its position by October 1, 2003, that USF&G would settle URHT's claim and seek repayment from the indemnitors under the terms of the GAI. Kasten Affidavit at ¶19. A true and correct copy of the September 17, 2003 letter is attached to the Kasten Affidavit as Exhibit J.

19. Because Shire did not respond to USF&G's numerous requests for documentation to support any defenses Shire might have had regarding URHT's claim, USF&G, under the terms of the GAI, in good faith, accepted URHT's claim and made payment to URHT in the amount of

$5,685.00 under the belief that it was necessary and expedient to make this disbursement to URHT. Kasten Affidavit at ¶20.

20. On or about January 6, 2004, USF&G received correspondence dated January 2, 2004, from Contractor Supply, Inc. ("Contractor Supply"), a subcontractor to Shire, informing USF&G of a pending claim against the Bond in connection with building materials furnished relative to the Project. Kasten Affidavit at ¶21. On or about February 20, 2004, USF&G received an Affidavit of Claim from Contractor Supply supporting its claim against the Bond with regard to the Project. Kasten Affidavit at ¶21. True and correct copies of the January 2, 2004 correspondence and the Affidavit of Claim are attached to the Kasten Affidavit and collectively referred to as Exhibit K.

21. In response to Contractor Supply's correspondence and Affidavit of Claim, USF&G made numerous attempts to obtain Shire's written position and supporting documentation regarding Shire's defenses to Contractor Supply's claim. These attempts included multiple letters dated February 25, 2004, April 20, 2004, and April 28, 2004. Kasten Affidavit at ¶22. True and correct copies of these letters are attached to the Kasten Affidavit and collectively referenced as Exhibit L.

22. On or about June 15, 2004, USF&G made its final attempt to obtain Shire's written position and payment intentions regarding Contractor Supply's claim, which stated that if USF&G did not hear from Shire with its position within 5 days, that USF&G would settle Contractor Supply's claim and seek repayment from the indemnitors under the terms of the GAI. Kasten Affidavit at ¶23. A true and correct copy of the June 15, 2004 letter is attached to the Kasten Affidavit as Exhibit M.

23. Because Shire did not respond to USF&G's numerous requests for documentation to support any defenses Shire might have had regarding Contractor Supply's claim, USF&G, under the terms of the GAI, in good faith, accepted Contractor Supply's claim and made payment to Contractor Supply in the amount of $7,215.25 under the belief that it was necessary and expedient to make this disbursement to Contractor Supply. Kasten Affidavit at ¶24.

24. Cosco filed suit against Shire and USF&G in2004, asserting a claim for $267,128.94, plus interest and attorneys' fees. A true and accurate copy of the Complaint filed in Cosco, Inc. v. Shire Corporation, et al., Providence Superior Court, Civil Action No. 04-365, is attached to the Kasten Affidavit as Exhibit N.. Despite representations by Shire that the Cosco matter has settled as regards the claim relating to USF&G, Shire has been unable to secure and has not provided to USF&G a stipulation of dismissal with prejudice of this complaint. Id.

25. In addition to the indemnity payments referenced herein, as a direct and proximate result of Shire's breach of the GAI, USF&G has incurred approximately $53,706.83 in legal fees and expenses in connection with resolving the multiple subcontractor claims referenced herein relative to the Project. Kasten Affidavit at ¶25.

26. These legal fees and expenses were incurred, not only regarding the claims discussed above, but also regarding claims raised against Shire and USF&G by the additional subcontractors listed on Exhibit C to the Kasten Affidavit. These additional matters have been settled and/or resolved without any payment to the claimants from USF&G. Kasten Affidavit at ¶26. USF&G did, however, incur legal fees and expenses in good faith in dealing with these claims and/or in defending lawsuits filed by certain of these claimants. Kasten Affidavit at ¶26.

27. Invoices for legal services rendered as well as copies of the computer printouts generated when checks for payment are requested (verifying payment for these legal fees and expenses) are attached to the Kasten Affidavit at Exhibit N.

Respectfully submitted,

UNITED STATES FIDELITY AND
GUARANTY COMPANY
By its attorneys,

*/s/ CharCretia V. Di Bartolo*

CharCretia V. Di Bartolo (#5862)
HINSHAW & CULBERTSON LLP
127 Dorrance Street
Providence, RI 02903
Telephone: (401) 454-7700
Facsimile: (401) 454-8855

Date: August 3, 2006

**CERTIFICATE OF SERVICE**

I, CharCretia V. Di Bartolo, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 3, 2006.

*/s/ CharCretia V. Di Bartolo*

CharCretia V. Di Bartolo