United Rentals
0 Independence Road
Kingston, MA 02364
Toll Free: 800 870-1111
Telephone: 781 582-0200
Main Fax: 781 582-0201
Estimating Fax 781 582-0202
www.unitedrentals.com

United Rentals™
Highway Technologies

7/14/03

RECEIVED
JUL 2 2 2003
SURETY CLAIM

Ms. Wanda O'Hare
Claims Adjuster
United States Fidelity And Guaranty Company
5801 Smith Ave
Baltimore, MD 21209

Re. **Project:** Safety Improvements To Interstate I-95
**Contract:** 2000-CH-034
**General Contractor:** Shire Construction
**Claimant:** United Rentals Highway Technologies

Dear Ms. O'Hare

With regard to the improvements to Route I-95 In Pawtucket Rhode Island, United Rentals Highway Technologies (hereinafter URHT) supplied labor and materials. Your principal, Shire Construction (hereinafter Shire) is the general contractor for this project. A copy of the bond is enclosed.

On June 11th 2002 URHT entered into a contract to supply labor and materials with Shire. A copy of the contract is enclosed. Moreover a copy of the invoice, which has been rendered to Shire, is also enclosed.

Several attempts have been made to collect this debt from Shire directly, however all arrangements for payment have not been honored. URHT is hereby making a claim upon the enclosed performance and payment bond. Presently there is an outstanding balance of $5,685 (includes retainage) due to URHT.

While I am willing to meet any reasonable requests for information or documentation, it is important that my company receive payment for this long outstanding debt. Accordingly, I am requesting that you acknowledge this letter in writing within the next 10 days and that I be furnished with a status report as to this claim within the next 30 days. Otherwise I will turn this matter over to my attorney who will file suit against Shire's bond.

Please note that I have sent a copy of this claim to Mr. Tom Gaminno at Shire Construction along with a copy of all enclosures enclosed with this letter to you.

I would appreciate hearing from you forthwith.

Very truly yours,

Derek Mohn

Cc: Tom Gaminno, Shire Construction

Arrow Boards • Flashing Barricades • Reflectorized Drums • All Types of OSHA Safety Equipment
Metal Fabrication • Certified Welding Shop

# CONTRACT BOND
## FOR
## COMPLETE PERFORMANCE AND FULL PAYMENT

#KF5563

KNOW ALL MEN BY THESE PRESENTS: THAT Shire Corporation of 3 Terminal Road, Providence, RI 02905 hereinafter called the "Contractor", and United States Fidelity and Guaranty Company, P.O. Box 1138, Baltimore, MD 21203-1138 called the "Surety", a corporation authorized to execute surety bonds under the laws of the State of Rhode Island and Providence Plantations, hereinafter called the "State", are held and firmly bounden unto the State in the penal sum of Ten Million, Nine Hundred Sixty-Five Thousand, Six Hundred One Dollars and Fifty-Six Cents ($ 10,965,601.56) lawful money of the United States of America, to the payment of which sum, well and truly to be made the Contractor and the Surety herein firmly bind themselves and their respective heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

THE CONDITION OF THIS OBLIGATION IS SUCH THAT,

WHEREAS the Contractor did on the 24th day of May, 20 00, enter into a written Contract with the State, being Contract No. 2000-CH-034, F.A.P. No. BHO-0563(001), & BHO-0953(092), & IM-0953(091) for Safety Improvements to I-95 Riding Surface, Bridges and Ramps Contract 2E, Pawtucket River Bridge No. 550 to RI/MA State Line for approximately the sum of Ten Million, Nine Hundred Sixty-Five Thousand, Six Hundred One Dollars and Fifty-Six Cents ($ 10,965,601.56)

Now, THEREFORE, if the Contractor, its executors, administrators or successors, shall in all things well and truly keep and perform the covenants, conditions and agreements in the Contract and in any alterations thereof made as therein provided, on its part to be kept and performed, at the time and in the manner therein specified, and in all respects according to their true intent and meaning, and shall indemnify and save harmless the State, the Department of Transportation and all of its officers, agents and employees, as therein stipulated, and shall also promptly pay for all such labor performed or furnished and for all such materials and equipments furnished, (which as to equipment shall mean payment of the reasonable rental value, as determined by the State Department of Transportation, through its Director, for its use during the period of its use), as shall be performed or furnished for and used in the carrying on of the work covered by the Contract, or shall see that they are promptly paid for, whether or not the labor is directly performed for or furnished to the Contractor or is even directly performed upon the work covered by the Contract, and whether or not the materials are furnished to the Contractor or become component parts of the work, and whether or not the equipment is furnished to the Contractor or even directly used upon the work; and shall also pay for all Workers' Compensation, Public Liability, Fire Insurance, Federal and State Unemployment, Social Security and Compensation Taxes; then this obligation shall become and be null and void; otherwise it shall be and remain in full force and virtue.

This Bond is subject to all such rights and powers of the State Department of Transportation and such other provisions as are set forth in the Contract and the Plans, Specifications and Proposal incorporated by reference in the Contract: and is subject also to all rights of the State and others which are set forth with respect to such a bond in Rhode Island General Laws Title 37, Chapter 12 (1956) and is subject to the provision that no extension of the time of performance of the Contract or delay in the completion of the work thereunder or any alterations thereof, made as therein provided, shall invalidate this Bond or release the liability of the Surety hereunder.

IN WITNESS WHEREOF said Contractor and Surety have hereunto set their respective names this 24th day of May, 2000.

WITNESSES:

Jean M. Heiss — Shire Corp. CONTRACTOR

By: [signature], Pres. TITLE

United States Fidelity + Guarantee Co. SURETY

Jean M. Heiss — By: [signature] ATTORNEY-IN-FACT

# SHIRE CORPORATION

**Subcontractor Agreement**

THIS AGREEMENT, made this 11th day of June, 2002 by and between Shire Corporation, General Contractor of Providence, Rhode Island and subcontractor agree as follows:

1. Subcontractor agrees to provide all supervision, labor, services, tools, equipment, materials and supplies necessary to perform all work as set forth in paragraph two (2) hereof in connection with the construction of:

   Safety Improvements to Interstate Route 95
   Riding Surface, Bridges & Ramps
   Pawtucket, Rhode Island
   RI Contract No. 2000-CH-034
   Federal Aid Project Nos. BH0-0563 (001), BH0-0953 (092) & IM-0953 (091)

   (the project) in accordance with the terms and provisions of the contract between Owner and General Contractor dated , including all the General and Special Conditions, Drawings, Specifications, Addenda, Exhibits, and other documents forming or by reference made a part of the Contract between General Contractor and Owner, (Contract Documents) all of which shall be considered part of this Subcontract by reference thereto, and which documents are available for inspection by Subcontractor, and Subcontractor assumes toward General Contractor all the obligations of General Contractor to the Owner except as maybe modified hereby.

   Subcontractor shall guarantee its work against all defects of materials and/or workmanship as called for in the Plans, Specifications, and Addenda, or if no guarantee is called for, then for a period of one year from date of total acceptance of Subcontractors work by Owner.

2. Subcontractor and General Contractor agree that the work to be performed under this agreement includes, but is not limited to:

| Item No. | Description | Quantity | Unit Price | Total |
|---|---|---|---|---|
| 150 | Bridge Minimum Clearance Signs | 15 Each | $79 | $1,1185.00 |
| 223 | Overhead Sign Panels | 30 SF | $20 | $600.0 |
| 224 | Overhead Sign Structure Bridge Mounted | 1 Each | $6200 | $6200.00 |
| 225 | Delineator Yellow 4" x 4" | 44 Each | $37.5 | $1,650.00 |
| 226 | Delineator White 4" x 4" | 111 Each | $37.5 | $4,162.50 |
| 227 | Delineator White 4" x 8" | 14 Each | $42.50 | $595.00 |
| 228 | Mile Post Marker 12"x36" D105 | 4 Each | $75 | $300.00 |
| 229 | Intermediate Mile Post Marker 6" x 6" | 8 Each | $33.50 | $268.00 |
| | | | **TOTAL** | **$14,960.50** |

   and all work reasonably inferable from the Contract Documents necessary to produce the intended results.

3. Subcontractor shall prosecute the work undertaken in a prompt and diligent manner whenever such work, or any part of it, becomes available, or at such other time or times as General Contractor may direct, and so as to promote the general progress of the entire construction, and shall not, by delay or otherwise, interfere with or hinder the progress of the work.

In that respect, Subcontractor acknowledges that it has reviewed the progress schedule (if so attached) for the project and agrees that it is feasible.

4. Subcontractor shall pay all legal fees and fees for permits in connection with this agreement and at its own expense is to provide all manner of labor, material, scaffolding, apparatus, models, moulds, implements, cartage and utensils of every description necessary for the proper performance of the work. The contract price contains all applicable taxes including State Sales and Use Tax.

5. Subcontractor agrees that within ten (10) days following the execution of this Subcontractor Agreement it will furnish the General Contractor all necessary shop drawings, brochures, samples and/or catalogue cuts required by Subcontractor, and its progress schedule.

6. Subcontractor agrees to furnish all temporary site facilities required by its portion of the work or the Contract Documents, and does agree that the General Contractor's equipment will be available to the Subcontractor only at General Contractor's discretion and on mutually satisfactory terms.

7. In the event the Subcontractor shall be adjudged a bankrupt, or shall make a general assignment for the benefit of creditors, or in the event that a temporary receiver should be appointed on account of the Subcontractor's insolvency, or if the Subcontractor shall persistently or repeatedly refuse or fail to supply enough properly skilled workmen to man the job, or supply necessary materials to complete the job, or maintain contract schedules, or if Subcontractor shall fail to make prompt payment to the employees or Subcontractor suppliers of labor, equipment of materials, or fail to make payment required by any suppliers of labor, equipment of materials, or fail to make payment required by any governmental agency or union, or if Subcontractor shall persistently disregard the instructions of the Contractor, of if Subcontractor shall fail to comply with the provisions of this Subcontract, then the Contractor may, on (72) hours written notices to the Subcontractor, without prejudice to any other rights or remedies, terminate the Subcontract Agreement. In the event of termination for cause as specified above, the Contractor shall be at liberty to take over and prosecute the Subcontractor's work to completion either by use of its own work force or by employment of another Subcontractor to complete the work. In the event of such termination, the Subcontractor shall be liable to the Contractor for any excess costs to complete the Subcontract work (including changes), and in such event, the Contractor may take possession of the work in progress, including all materials, appliances, and plant, as may be on the project site and necessary for use in the completion thereof, without additional charge to the Contractor. The foregoing provisions are in addition to, and not in limitation of, the rights of the Contractor under any other provisions of this Subcontract.

8. Subcontractor shall be responsible for all damages and injuries to persons, property and to the buildings on which this Subcontractor, its agents or servants are working, arising from the actions and/or omissions of the Subcontractor, its agents or servants, and Subcontractor shall indemnify and save harmless General Contractor from any and all damages or loss caused thereby.

9. Subcontractor shall, at its own expense provide and maintain the following types and amounts of insurance throughout the time that Subcontractor is performing its work hereunder:

   A. Worker's Compensation: Statutory
   B. Public Liability Insurance providing bodily injury coverage of :
      $ 500,000.00 each person and $ 1,000,000.00 each occurrence
      and property damage coverage of $ 500,000.00 each occurrence
      and $ 1,000,000.00 aggregate.

   Contractual Liability Insurance specifically providing the indemnity clause appearing in paragraph eight (8) above shall be included in this policy.

   Before commencement of work, Subcontractor shall furnish General Contractor with certificate of insurance satisfying the above requirements and including reference to Contractual Liability Insurance in paragraph eight (8). The certificate shall provide that the policies will not be altered, amended or canceled unless the General Contractor has had at least ten (10) days prior written notice hereof.

10. ~~To furnish 100% Payment and Performance Bond in a company satisfactory to the Contractor for the benefit of the Contractor.~~

11. Subcontractor shall at all times keep the premises free from accumulation of waste materials or rubbish caused by his employees or work, and at the completion of the work, Subcontractor shall remove all its rubbish from and about the buildings and all its tools, scaffolding, and surplus materials and shall leave its work "broom clean" or its equivalent, unless more exactly specified. General Contractor shall have the right to perform this work and backcharge same to the account of Subcontractor.

12. Subcontractor shall not assign this Contract nor sublet any of the work herein, nor assign any monies due or to become due to him hereunder, without the written consent of the General Contractor, and any such assignment without such consent shall be null and void and of no effect.

13. Notwithstanding any other paragraphs hereinabove contained to the contrary, in the event General Contractor shall have during the performance of this Subcontract furnished any labor, supplies, or equipment to Subcontractor, General Contractor shall have the right to deduct from any progress payment otherwise due the Subcontractor hereunder, or from the final payment due Subcontractor, charges for such labor, supplies or equipment furnished to Subcontractor by the General Contractor.

14. Notwithstanding General Contractor exercising any right or option contained herein to terminate this Subcontract, the exercise of such right or option shall not be deemed a waiver of any damages that may be due the General Contractor from Subcontractor by reason of any action of inaction taken by Subcontractor resulting in the General Contractor terminating this Subcontract.

15. During the performance of this Subcontractor Agreement, Subcontractor will not discriminate against any employee or applicant for employment because of sex, race, creed, color or national origin. Subcontractor will take affirmative action to ensure that applicants are employed and that employees are treated during employment without regard to their sex, race, creed, color, or national origin. Such action shall include but not be limited to the following: employment, upgrading, demotion, or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training including apprenticeship. Subcontractor agrees to post in conspicuous places, available to employees and applicants for employment, notices setting forth the provisions of this nondiscrimination clause.

16. All charges for extra work, or changes in the work, must be agreed to in writing before the work is commenced or the change made.

17. (a) General Contractor agrees to pay Subcontractor for the performance of its work the sum of:
<u>*Fourteen Thousand Nine Hundred Sixty Dollars and Fifty Cents, (\$14,960.$^{50}$)*</u>
in current funds as follows:

On or about ( 30 ) days after General Contractor has received payment in the amounts requisitioned by the General Contractor, the General Contractor will pay the Subcontractor ( 97 %) percent of the value of labor and materials for this subcontract installed on the project up to the first day of the month as estimated by the General Contractor less the aggregate of previous payments; provided, that prior to any such monthly payment, Subcontractor shall furnish General Contractor proper evidence that all charges for labor and materials to date of payment hereunder have been paid by the Subcontractor.

(b) It is expressly understood and agreed that receipt of payment from Owner by General Contractor for labor and materials installed by Subcontractor on the project is a condition precedent to payment by General Contractor to Subcontractor.

(c ) All requests for payment be received by the first working day of the month following the

month in which work is accomplished or material delivery made. Requests for payment for work performed or materials delivered after such date shall be included in the following month's request for payment.

(d) Before issuance of the final payment, Subcontractor, upon request, shall submit evidence of payment satisfactory to General Contractor for all labor, payroll taxes, materials, equipment, or any other indebtedness connected with Subcontractor's work.

(e) Acceptance of final payment by Subcontractor shall constitute a waiver of all claims against General Contractor, Owner, and the Project.

18. Any controversy or claim arising out of or relating to this agreement or breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, provided the agreement between General Contractor and Owner contains the same procedure for arbitration. In the event the agreement between General Contractor and Owner provides for a different procedure for arbitration, that procedure shall apply.

19. Without limiting the generality of the reference to the Contract Documents contained in paragraph one (1) of this Subcontractor Agreement, Subcontractor's attention is called to the following parts of the Contract Documents attached hereto:

In the event of a conflict between the terms of the Subcontractor Agreement and the Contract Documents, the terms of the Subcontractors Agreement shall take precedence.

20. This agreement constitutes the entire understanding between the parties and supersedes any prior proposals or agreements.

Subcontractor:

**United Rentals Highway Technologies**
1 Independence Road
Kingston, MA 02364

By: [signature]
Craig Schmidt, General Manager

SHIRE CORPORATION

By: [signature]

(10)

SHIRE CORPORATION
3 Terminal Road • Providence, RI 02905
Phone (401) 467-1802 • Fax (401) 467-0721

# LETTER OF TRANSMITTAL

DATE 6/24/04 JOB NO.
ATTENTION Craig Schmidt
RE:
I-95 Safety Improvement
RI # 2006-CH-034

TO United Rentals Highway Tech
1 Independence Road
Kingston, MA 02364

WE ARE SENDING YOU ☑ Attached ☑ Under separate cover via US Mail the following items:

☐ Shop drawings ☐ Prints ☐ Plans ☐ Samples ☐ Specifications

☐ Copy of letter ☐ Change order ☐ ______

| COPIES | DATE | NO. | DESCRIPTION |
|---|---|---|---|
| 1 | | | Subcontract Agreement - Executed |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

THESE ARE TRANSMITTED as checked below:

☐ For approval ☐ Approved as submitted ☐ Resubmit ______ copies for approval

☑ For your use ☐ Approved as noted ☐ Submit ______ copies for distribution

☐ As requested ☐ Returned for corrections ☐ Return ______ corrected prints

☐ For review and comment ☐ ______

☐ FOR BIDS DUE ______ 19 ______ ☐ PRINTS RETURNED AFTER LOAN TO US

REMARKS ______

COPY TO File

SIGNED: [signature]

*If enclosures are not noted, kindly notify us at once.*

SHIRE CORPORATION
3 Terminal Road • Providence, RI 02905
Phone (401) 467-1802 • Fax (401) 467-0721

# LETTER OF TRANSMITTAL

DATE 5/6/02 JOB NO
ATTENTION Craig Schmidt
RE:

TO United Rentals Highway Tech
1 Independence Way
Kingston, MA 02364

WE ARE SENDING YOU ☐ Attached ☑ Under separate cover via US Mail the following items:

☐ Shop drawings ☐ Prints ☐ Plans ☐ Samples ☐ Specifications

☐ Copy of letter ☐ Change order ☐ ______

| COPIES | DATE | NO. | DESCRIPTION |
|---|---|---|---|
| 1 | | | Purchase Order # 4938, 4935 |
| | | | Executed |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

THESE ARE TRANSMITTED as checked below:

☐ For approval ☐ Approved as submitted ☐ Resubmit ______ copies for approval

☒ For your use ☐ Approved as noted ☐ Submit ______ copies for distribution

☐ As requested ☐ Returned for corrections ☐ Return ______ corrected prints

☐ For review and comment ☐ ______

☐ FOR BIDS DUE ______ 19 ______ ☐ PRINTS RETURNED AFTER LOAN TO US

REMARKS ______

COPY TO file

SIGNED: [signature]

*If enclosures are not noted, kindly notify us at once.*

00174

# PURCHASE ORDER

ISSUED BY AND FOR

**SHIRE** CORPORATION

GENERAL CONTRACTORS

**SHIRE** *CORPORATION*
3 Terminal Road
Providence, Rhode Island 02905
(401) 467-1802 Fax (401) 467-0721

PURCHASE ORDER NO. [redacted] 4938

PURCHASE ORDER NUMBER MUST BE SHOWN ON ALL SHIPPING PAPERS, INVOICES, PACKAGES AND CORRESPONDENCE

**IMPORTANT:**
**MAIL INVOICE IN DUPLICATE**

SHIP TO: The indicated street address unless otherwise noted below:

SELLER
UNITED RENTALS Highway TECH
1 INDEPENDENCE ROAD
KINGSTON, MA 02364

| DATE OF ORDER | TERMS OF PAYMENT | F.O.B. | SHIP PREPAID VIA |
|---|---|---|---|
| 4/25/02 | | Project Site | |

| QUANTITY | ITEM/ NUMBER | DESCRIPTION | REQUIRED DELIVERY DATE | UNIT PRICE | TOTAL ESTIMATED PRICES |
|---|---|---|---|---|---|
| | 0187E | Truck Mounted ATTENUATOR w/ ARROW BOARD | | $75/DAY | |

SPECIAL INSTRUCTIONS:

☒ EXEMPT STATE TAX ☐ CHARGE STATE TAX

ITEMS ORDERED FOR:

PROJECT I-95 SAFETY IMPROVEMENT PROGRAM RI # 2000-CH-034

OWNER RIDOT

PROJECT LOCATION PAWTUCKET, RI

APPROVED FOR BUYER

BY
AUTHORIZED SIGNATURE
Craig Schmidt, Branch Manager

(THIS ORDER SUBJECT TO TERMS AND CONDITIONS ON BACK OF THIS SHEET)

**PURCHASE ORDER**
ISSUED BY AND FOR

**SHIRE** CORPORATION

GENERAL CONTRACTORS

PURCHASE ORDER NO. [redacted] 4935

PURCHASE ORDER NUMBER MUST BE SHOWN ON ALL SHIPPING PAPERS, INVOICES, PACKAGES AND CORRESPONDENCE

**IMPORTANT:**
**MAIL INVOICE IN DUPLICATE**

**SHIRE** CORPORATION
3 Terminal Road
Providence, Rhode Island 02905
(401) 467-1802 Fax (401) 467-0721

SHIP TO: The indicated street address unless otherwise noted below:

SELLER
United Rentals Highway Tech.
1 Independence Road
Kingston, MA 02364

| DATE OF ORDER | TERMS OF PAYMENT | F.O.B. | SHIP PREPAID VIA |
|---|---|---|---|
| 4/25/02 | | Project Site | |

| QUANTITY | ITEM NUMBER | DESCRIPTION | REQUIRED DELIVERY DATE | UNIT PRICE | TOTAL ESTIMATED PRICES |
|---|---|---|---|---|---|
| | 0245E | Light Towers - 4 each | | $800/month per each | |

SPECIAL INSTRUCTIONS:

☒ EXEMPT STATE TAX ☐ CHARGE STATE TAX

ITEMS ORDERED FOR:

PROJECT Point Street Overpass
RI # 2002-CB-023
OWNER RIDOT
PROJECT LOCATION Providence, RI

APPROVED FOR BUYER [signature]

BY [signature]
AUTHORIZED SIGNATURE
Craig Schmidt, Branch Mgr.

(THIS ORDER SUBJECT TO TERMS AND CONDITIONS ON BACK OF THIS SHEET)

Jul 25 02 04:38p
Sent By: DESANCTIS INS; 7819335645; 25-Jul- 6:47; Page 1/1
p.2

# ACORD CERTIFICATE OF LIABILITY INSURANCE

OP ID KS SHIRE-1

DATE (MM/DD/YY) 07/25/02

PRODUCER
DeSanctis Insurance Agcy, Inc.
36 Cummings Park
Woburn MA 01801

Phone No 781-935-8480 Fax No. 781-933-5645

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

COMPANIES AFFORDING COVERAGE
COMPANY A: CNA Insurance Companies
COMPANY B:
COMPANY C:
COMPANY D:

INSURED
Shire Corporation
3 Terminal Road
Providence RI 02905

COVERAGES

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| A | GENERAL LIABILITY: [X] COMMERCIAL GENERAL LIABILITY; [ ] CLAIMS MADE [X] OCCUR; [ ] OWNER'S & CONTRACTOR'S PROT | C1082097363 | 07/08/02 | 07/08/03 | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | | | | | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | FIRE DAMAGE (Any one fire) | $ 100,000 |
| | | | | | MED EXP (Any one person) | $ 5,000 |
| | AUTOMOBILE LIABILITY: [ ] ANY AUTO; [ ] ALL OWNED AUTOS; [ ] SCHEDULED AUTOS; [ ] HIRED AUTOS; [ ] NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT | $ |
| | | | | | BODILY INJURY (Per person) | $ |
| | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | PROPERTY DAMAGE | $ |
| | GARAGE LIABILITY: [ ] ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | OTHER THAN AUTO ONLY: EACH ACCIDENT | $ |
| | | | | | AGGREGATE | $ |
| | EXCESS LIABILITY: [ ] UMBRELLA FORM; [ ] OTHER THAN UMBRELLA FORM | | | | EACH OCCURRENCE | $ |
| | | | | | AGGREGATE | $ |
| | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY; THE PROPRIETOR/ PARTNERS/EXECUTIVE OFFICERS ARE: [ ] INCL [ ] EXCL | | | | WC STATUTORY LIMITS / OTHER | |
| | | | | | EL EACH ACCIDENT | $ |
| | | | | | EL DISEASE - POLICY LIMIT | $ |
| | | | | | EL DISEASE - EA EMPLOYEE | $ |
| A | OTHER: Contractors Leased Equipment | C1082097363 | 07/08/02 | 07/08/03 | $150,000 Per Item | $1,000 Deductible |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/SPECIAL ITEMS
Re: Rental of crash trucks

CERTIFICATE HOLDER
UNITE-0

United Rentals
Chris
25 Marshall Street
Canton MA 02021

CANCELLATION
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES.

AUTHORIZED REPRESENTATIVE
Mary Ellen Sl[illegible]

ACORD 25-S (1/95) ACORD CORPORATION 1988

United R[illegible]ntals™
Highway Technologies

1 Independence Rd.
Kingston, MA 02364
Phone: 781-582-0200 Fax: 781-582-0202

PLEASE REMIT TO:

United Rentals Highway Technologies, Inc.
PO Box 532052
Atlanta, GA 30353-2052

69714 SHIRE CONSTRUCTION

3 TERMINAL ROAD
PROVIDENCE RI 02905-0000

Invoice: 76816
Invoice Date: 12/23/2002
Job: 802179
Sub Job:
Contract: 00001
Period To: 11/19/2002
Period From: 10/08/2002

JOB - 802179 1 RI# 2000-CH-034

WORK COMPLETE

| Item Number Description | Unit Price | Units | Amount | CURRENT Units | CURRENT Amount | Material Stored | JOB TO DATE Units | JOB TO DATE Completed & Stored |
|---|---|---|---|---|---|---|---|---|
| 150 BRIDGE MINIMUM CLEAR SIGNS | 79.000 EA | 15.0000 | 1,185.00 | .0000 | .00 | .00 | .0000 | .00 |
| 223 OVERHEAD SIGN PANELS | 20.000 SF | 30.0000 | 600.00 | .0000 | .00 | .00 | .0000 | .00 |
| 224 OVERHEAD SIGN STRUCT BRIDGE MOUNTED | 6200.000 EA | 1.0000 | 6,200.00 | .0000 | .00 | .00 | .0000 | .00 |
| 225 DELINEATOR YELLOW 4"X4" | 37.500 EA | 44.0000 | 1,650.00 | .0000 | .00 | .00 | .0000 | .00 |
| 226 DELINEATOR WHITE 4"X4" | 37.500 EA | 111.0000 | 4,162.50 | 138.0000 | 5,175.00 | .00 | 138.0000 | 5,175.00 |
| 227 DELINEATOR WHITE 4"X8" | 42.500 EA | 14.0000 | 595.00 | 12.0000 | 510.00 | .00 | 12.0000 | 510.00 |
| 228 MILE POST MARKER 12"X36" D105 | 75.000 EA | 4.0000 | 300.00 | .0000 | .00 | .00 | .0000 | .00 |
| 229 INTERMEDIATE MILE POST MKR 6"X6" | 33.500 EA | 8.0000 | 268.00 | .0000 | .00 | .00 | .0000 | .00 |
| DIRECT 1 | | | | | | | | |
| | TOTALS | | 14,960.50 | | 5,685.00 | .00 | | 5,685.00 |
| | TAXES | | | | .00 | | | |
| | LESS RETAINED | | | | 284.25 | | | |
| | INVOICE TOTAL | | | | 5,400.75 | | | |

**United Rentals**
Highway Technologies

30 Independence Road
Kingston, MA 02364 800 870-1111

# Foreman Daily Report
2185

Date: 10-8-02 Starting AM [ ] PM [ ] Weather: ________ Job #: 6802179

Project: RT 95 PAWTUCKET Contractor: SHIRE CORP.

Res. Eng.: ________ Detail: YES [ ] NO [ ] Page ___ of ___ Sub/Cont.: ________

| Employee Name | Equip. # | Class | Shop | Driving | Job Site | Lunch | TOTAL | Travel |
|---|---|---|---|---|---|---|---|---|
| Jim H. | 334 | FOREMAN | 5am-6am | 6am-7am | 7am-3pm | - | 10 | |
| Tom L. | | LABORER | 5am-6am | 3pm-4pm | 7am-3pm | | 10 | |

| Item # | WORK PERFORMED Locations/Description | Am't | U/M | MATERIAL USED Description | Am't |
|---|---|---|---|---|---|
| | WHITE DELINEATORS - 4"x8" | 2 | | 8' - P-9 POSTS | 53 |
| | WHITE DELINEATOR 4"x4" | 36 | | | |
| | YELLOW DELINEATORS 4"x4" | 15 | | | |

RECEIVED OCT 1 4 2002

COMMENTS: ________ COMPLETED BY: ________

**DIG SAFE 800-322-4844 ID# 20100**

WHITE - BILLING YELLOW - PAYROLL PINK - INVENTORY GOLDENROD - FORMAN

**United Rentals**
Highway Technologies

30 Independence Road
Kingston, MA 02364 800 870-1111

# Foreman Daily Report
2189

Date: 10-10-02 Starting AM [ ] PM [ ] Weather: ____________ Job #: 180 2179

Project: RT 95 PAWTUCKET Contractor: SHIRE

Res. Eng.: ____________ Detail: YES [ ] NO [ ] Page ___ of ___ Sub/Cont.: SHOP

| Employee Name | Equip. # | Class | Shop | Driving | Job Site | Lunch | TOTAL | Travel |
|---|---|---|---|---|---|---|---|---|
| Jim H. | 334 | FOR | 5:30-6AM | 6Am-7Am | 7Am-10Am | | | 11Am-1:30pm |
| | | | | | | | | |
| Tom L. | | LAB | 5:30-6am | 10Am-11Am | 7Am-10Am | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| Item # | WORK PERFORMED Locations/Description | Am't | U/M | MATERIAL USED Description | Am't |
|---|---|---|---|---|---|
| | 4"X4" WHITE DELINEATORS | 16 | | | |
| | 4"X4" YELLOW DELINEATORS | 7 | | | |
| | | | | | |

RECEIVED
OCT 14 2002

COMMENTS: ____________ COMPLETED BY: ____________

**DIG SAFE 800-322-4844 ID# 20100**

WHITE - BILLING YELLOW - PAYROLL PINK - INVENTORY GOLDENROD - FORMAN

**United Rentals**
Highway Technologies
30 Independence Road
Kingston, MA 02364 800 870-1111

# Foreman Daily Report 2187

Date: 10-9-02 Starting AM [ ] PM [ ] Weather: ______ Job #: L802179

Project: RT 95 PAWTUCKET Contractor: SHIRE CORP.

Res. Eng.: ______ Detail: YES [ ] NO [ ] Page ___ of ___ Sub/Cont.: ______

| Employee Name | Equip. # | Class | Shop | Driving | Job Site | Lunch | TOTAL | Travel |
|---|---|---|---|---|---|---|---|---|
| Jim H. | 334 | FOR. | 5Am-6Am | 6Am-7Am | 7Am-3pm | - | 10 | |
| | | | | | | | | |
| Tom L. | | LABORER | 5Am-6Am | 3pm-4pm | 7Am-3pm | - | 10 | |

| Item # | WORK PERFORMED Locations/Description | Am't | U/M | MATERIAL USED Description | Am't |
|---|---|---|---|---|---|
| | WHITE DELINEATORS 4"x8" | 10 | | 8' - P-9 POSTS | 74 |
| | WHITE DELINEATORS 4"x4" | 42 | | | |
| | YELLOW DELINEATORS 4"x4" | 22 | | | |

RECEIVED OCT 14 2002

COMMENTS: ______ COMPLETED BY: ______

**DIG SAFE 800-322-4844 ID# 20100**

WHITE - BILLING YELLOW - PAYROLL PINK - INVENTORY GOLDENROD - FORMAN

# DAILY PRODUCTION REPORT / Production & Material Costs

UR Job #: L802179
BR #/Location: 129 /
Date: 11/19/02 (am) pm Day #: Tue Job Title: Temp Paint
Job Location: Pawtucket RI
Weather: Page 2 of 2 Contractor: Shire Const
Foreman: [signature]

| WORKED PERFORMED | | | | | | | MATERIAL USED | | |
|---|---|---|---|---|---|---|---|---|---|
| Contract Item Number | Description | Income Code | Amount | Unit of Measure | Dimension Width | Dimension Height | Description | Amount | Material Code |
| 854.014 | 4" White Line | PT | 50' | LF | | | Latex Paint | 2 Gal | |
| 854.014 | 4" Yellow Line | PT | 129' | LF | | | Latex Paint | 2 Gal | |
| | | | | | | | Glass Beads | 15 LBS | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

**Pavement Markings**
Paint
Thermo
Markers
Removal
Epoxy
Tape
Management
Temporary
[redacted]

**Permanent Installation**
Signs
Guardrail
Temp/Barrier
Perm/Barrier
Other
Management
Temporary
[redacted]

**Traffic Control**
Contract Job
Power System
Impact Atten
Management
Temporary
[redacted]

**ITS**
Contract Job [redacted]

**Shoring**
Contract Job [redacted]

RECEIVED
OCT 30 2002

Comments:

**StPaul Surety**

USF&G

AUG 0 3 2003

## Affidavit of Claim

State of Massachusetts

County of Plymouth

I, Derek Mohn (Name of Affiant), the Credit Representative (Position in firm) of United Rentals Highway Technologies (Name of Claimant)

located at 30 Independence Rd Kingston MA 02364 (Address), on behalf of said firm, hereby state under oath that:

1) Affiant has full knowledge of the statements contained herein and the basis therefore and has been duly authorized by Claimant to make said statements.

2) Claimant furnished, sold and delivered Labor & Materials to Shire Construction between the dates of 4/2002 (First Date) and 10/2002 (Last Date) for the construction of I-95 Safety Improvements (Project) in accordance with a ☒ Subcontract, ☒ Purchase Order or ☐ Rental Agreement ("Contract") dated 6/11/2002, a complete copy of which is attached hereto.

3) The agreed price of the Contract is $ 14,960.50 of which $ 14,960.50 has been earned. The amount paid to date is $ 9,275.50, leaving an amount due of $ 5,685 ("Claimed Amount").

4) Attached hereto are copies of all supporting documentation for the Claimed Amount including, but not limited to, progress estimates, invoices and/or signed delivery tickets, as applicable, along with a statement of account supporting the Claimed Amount.

5) Claimant has delivered notice(s) of said Claimed Amount by Registered/Certified Mail, if applicable, dated 7/17/2003 to ☒ Surety, ☒ Contractor, ☐ Owner. Copies of all required notices and proof of their receipt, are attached hereto.

6) Claimant certifies that there are no just credits, offsets, assignments, liens or encumbrances against the Claimed Amount and that Claimant has fully paid all firms or persons supplying labor, material or equipment to or for the project except:

(Use Additional Sheets, If Necessary)

7) Claimant certifies that it is properly licensed as evidenced by License No. EIN043076608 which was issued by the State of Massachusetts and that said license was in effect for the entire period of Claimant's performance of its Contract.

8) Claimant certifies that it has fully performed its duties under the Contract, including the delivery of all required closeout documents, warranties, as-built drawings and O&M manuals except as follows:

Claim No.: 0400KF556329S001
Tracking No.: HN00838
Claim Handler: Kimberly D. Zanotta
FC01505 03/2003



FC02029 5/03

9) Claimant confirms that all guarantees and warranties required under the terms of the aforesaid Contract pertaining to the work, labor and/or materials furnished by the undersigned shall remain in full force and effect in accordance with their terms which, however, shall not be extended nor enlarged hereby.

The foregoing information is furnished to the surety in support of affiant's claim, and it is understood that the furnishing of this form or the acceptance and/or retention thereof by the surety does not constitute a waiver of any of the terms and conditions of the surety's bond nor of any rights or defenses the surety may have, nor shall said furnishing, acceptance or retention constitute or be deemed an admission of liability thereunder.

United Rentals Highway Technologies
Name of Claimant

By: [signature]
Affiant's Signature

**THIS AFFIDAVIT MUST BE EXECUTED BEFORE A NOTARY PUBLIC.**

State of Massachusetts

County of Plymouth

On 5th 8-5-03 before me, Suzette Jones, Notary Public
DATE NAME, TITLE OF OFFICER - E.G. JANE DOE, NOTARY PUBLIC

personally appeared Derek Mohn,
NAME(S) OF SIGNER(S)

☑ personally known to me -OR- ☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

[signature]
Signature of Notary

**OPTIONAL SECTION**

**CAPACITY CLAIMED BY SIGNER**

Though statute does not require the Notary to fill in the data below, doing so may prove invaluable to persons relying on the document.

☐ INDIVIDUAL

☐ CORPORATE OFFICER(S)

_______________ TITLE(S)

☐ PARTNER(S) ☐ LIMITED ☐ GENERAL

☐ ATTORNEY-IN-FACT

☐ TRUSTEE(S)

☐ GUARDIAN/CONSERVATOR

☐ OTHER: _______________

**OPTIONAL SECTION**

THIS CERTIFICATE MUST BE ATTACHED TO THE DOCUMENT DESCRIBED AT RIGHT:

Though the data requested here is not required by law, it could prevent fraudulent reattachment of this form.

TITLE OR TYPE OF DOCUMENT _______________

NUMBER OF PAGES _______ DATE OF DOCUMENT _______

SIGNER(S) OTHER THAN NAMED ABOVE _______________

Claim No.: 0400KF556329S001
Tracking No.: HN00838
Claim Handler: Kimberly D. Zanotta
FC01505 03/2003



FC02029 5/03

#KF5562

CONTRACT BOND
FOR
COMPLETE PERFORMANCE AND FULL PAYMENT

KNOW ALL MEN BY THESE PRESENTS: THAT Shire Corporation of 3 Terminal Road, Providence, RI 02905 hereinafter called the "Contractor", and United States Fidelity and Guaranty Company, P.O. Box 1138, Baltimore, MD 21203-1138 called the "Surety", a corporation authorized to execute surety bonds under the laws of the State of Rhode Island and Providence Plantations, hereinafter called the "State", are held and firmly bounden unto the State in the penal sum of Ten Million, Nine Hundred Sixty-Five Thousand, Six Hundred One Dollars and Fifty-Six Cents ($ 10,965,601.56) lawful money of the United States of America, to the payment of which sum, well and truly to be made the Contractor and the Surety herein firmly bind themselves and their respective heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

THE CONDITION OF THIS OBLIGATION IS SUCH THAT,

WHEREAS the Contractor did on the 24th day of May, 20 00, enter into a written Contract with the State, being Contract No. 2000-CH-034, F.A.P. No. BHO-0563(001), & BHO-0953(092), & IM-0953(091) for Safety Improvements to I-95 Riding Surface, Bridges and Ramps Contract 2E, Pawtucket River Bridge No. 550 to RI/MA State Line for approximately the sum of Ten Million, Nine Hundred Sixty-Five Thousand, Six Hundred One Dollars and Fifty-Six Cents ($ 10,965,601.56)

Now, THEREFORE, if the Contractor, its executors, administrators or successors, shall in all things well and truly keep and perform the covenants, conditions and agreements in the Contract and in any alterations thereof made as therein provided, on its part to be kept and performed, at the time and in the manner therein specified, and in all respects according to their true intent and meaning, and shall indemnify and save harmless the State, the Department of Transportation and all of its officers, agents and employees, as therein stipulated, and shall also promptly pay for all such labor performed or furnished and for all such materials and equipments furnished, (which as to equipment shall mean payment of the reasonable rental value, as determined by the State Department of Transportation, through its Director, for its use during the period of its use), as shall be performed or furnished for and used in the carrying on of the work covered by the Contract, or shall see that they are promptly paid for, whether or not the labor is directly performed for or furnished to the Contractor or is even directly performed upon the work covered by the Contract, and whether or not the materials are furnished to the Contractor or become component parts of the work, and whether or not the equipment is furnished to the Contractor or even directly used upon the work; and shall also pay for all Workers' Compensation, Public Liability, Fire Insurance, Federal and State Unemployment, Social Security and Compensation Taxes; then this obligation shall become and be null and void; otherwise it shall be and remain in full force and virtue.

This Bond is subject to all such rights and powers of the State Department of Transportation and such other provisions as are set forth in the Contract and the Plans, Specifications and Proposal incorporated by reference in the Contract: and is subject also to all rights of the State and others which are set forth with respect to such a bond in Rhode Island General Laws Title 37, Chapter 12 (1956) and is subject to the provision that no extension of the time of performance of the Contract or delay in the completion of the work thereunder or any alterations thereof, made as therein provided, shall invalidate this Bond or release the liability of the Surety hereunder.

IN WITNESS WHEREOF said Contractor and Surety have hereunto set their respective names this 24th day of May, 2000.

WITNESSES:

Jean M. Heiss — Shire Corp, CONTRACTOR

By: [signature] Pres., TITLE

Jean M. Heiss — United States Fidelity + Guarantee Co, SURETY

By: L. Robert DeSantis, ATTORNEY-IN-FACT

# SHIRE CORPORATION

## Subcontractor Agreement

THIS AGREEMENT, made this 11th day of June, 2002 by and between Shire Corporation, General Contractor of Providence, Rhode Island and subcontractor agree as follows:

1. Subcontractor agrees to provide all supervision, labor, services, tools, equipment, materials and supplies necessary to perform all work as set forth in paragraph two (2) hereof in connection with the construction of:

   Safety Improvements to Interstate Route 95
   Riding Surface, Bridges & Ramps
   Pawtucket, Rhode Island
   RI Contract No. 2000-CH-034
   Federal Aid Project Nos. BH0-0563 (001), BH0-0953 (092) & IM-0953 (091)

   (the project) in accordance with the terms and provisions of the contract between Owner and General Contractor dated , including all the General and Special Conditions, Drawings, Specifications, Addenda, Exhibits, and other documents forming or by reference made a part of the Contract between General Contractor and Owner, (Contract Documents) all of which shall be considered part of this Subcontract by reference thereto, and which documents are available for inspection by Subcontractor, and Subcontractor assumes toward General Contractor all the obligations of General Contractor to the Owner except as maybe modified hereby.

   Subcontractor shall guarantee its work against all defects of materials and/or workmanship as called for in the Plans, Specifications, and Addenda, or if no guarantee is called for, then for a period of one year from date of total acceptance of Subcontractors work by Owner.

2. Subcontractor and General Contractor agree that the work to be performed under this agreement includes, but is not limited to:

| Item No. | Description | Quantity | Unit Price | Total |
|---|---|---|---|---|
| 150 | Bridge Minimum Clearance Signs | 15 Each | $79 | $1,1185.00 |
| 223 | Overhead Sign Panels | 30 SF | $20 | $600.0 |
| 224 | Overhead Sign Structure Bridge Mounted | 1 Each | $6200 | $6200.00 |
| 225 | Delineator Yellow 4" x 4" | 44 Each | $37.5 | $1,650.00 |
| 226 | Delineator White 4" x 4" | 111 Each | $37.5 | $4,162.50 |
| 227 | Delineator White 4" x 8" | 14 Each | $42.50 | $595.00 |
| 228 | Mile Post Marker 12"x36" D105 | 4 Each | $75 | $300.00 |
| 229 | Intermediate Mile Post Marker 6" x 6" | 8 Each | $33.50 | $268.00 |
| | | | **TOTAL** | **$14,960.50** |

   and all work reasonably inferable from the Contract Documents necessary to produce the intended results.

3. Subcontractor shall prosecute the work undertaken in a prompt and diligent manner whenever such work, or any part of it, becomes available, or at such other time or times as General Contractor may direct, and so as to promote the general progress of the entire construction, and shall not, by delay or otherwise, interfere with or hinder the progress of the work.

In that respect, Subcontractor acknowledges that it has reviewed the progress schedule (if so attached) for the project and agrees that it is feasible.

4. Subcontractor shall pay all legal fees and fees for permits in connection with this agreement and at its own expense is to provide all manner of labor, material, scaffolding, apparatus, models, moulds, implements, cartage and utensils of every description necessary for the proper performance of the work. The contract price contains all applicable taxes including State Sales and Use Tax.

5. Subcontractor agrees that within ten (10) days following the execution of this Subcontractor Agreement it will furnish the General Contractor all necessary shop drawings, brochures, samples and/or catalogue cuts required by Subcontractor, and its progress schedule.

6. Subcontractor agrees to furnish all temporary site facilities required by its portion of the work or the Contract Documents, and does agree that the General Contractor's equipment will be available to the Subcontractor only at General Contractor's discretion and on mutually satisfactory terms.

7. In the event the Subcontractor shall be adjudged a bankrupt, or shall make a general assignment for the benefit of creditors, or in the event that a temporary receiver should be appointed on account of the Subcontractor's insolvency, or if the Subcontractor shall persistently or repeatedly refuse or fail to supply enough properly skilled workmen to man the job, or supply necessary materials to complete the job, or maintain contract schedules, or if Subcontractor shall fail to make prompt payment to the employees or Subcontractor suppliers of labor, equipment of materials, or fail to make payment required by any suppliers of labor, equipment of materials, or fail to make payment required by any governmental agency or union, or if Subcontractor shall persistently disregard the instructions of the Contractor, of if Subcontractor shall fail to comply with the provisions of this Subcontract, then the Contractor may, on (72) hours written notices to the Subcontractor, without prejudice to any other rights or remedies, terminate the Subcontract Agreement. In the event of termination for cause as specified above, the Contractor shall be at liberty to take over and prosecute the Subcontractor's work to completion either by use of its own work force or by employment of another Subcontractor to complete the work. In the event of such termination, the Subcontractor shall be liable to the Contractor for any excess costs to complete the Subcontract work (including changes), and in such event, the Contractor may take possession of the work in progress, including all materials, appliances, and plant, as may be on the project site and necessary for use in the completion thereof, without additional charge to the Contractor. The foregoing provisions are in addition to, and not in limitation of, the rights of the Contractor under any other provisions of this Subcontract.

8. Subcontractor shall be responsible for all damages and injuries to persons, property and to the buildings on which this Subcontractor, its agents or servants are working, arising from the actions and/or omissions of the Subcontractor, its agents or servants, and Subcontractor shall indemnify and save harmless General Contractor from any and all damages or loss caused thereby.

9. Subcontractor shall, at its own expense provide and maintain the following types and amounts of insurance throughout the time that Subcontractor is performing its work hereunder:

   A. Worker's Compensation: Statutory
   B. Public Liability Insurance providing bodily injury coverage of :
      \$ 500,000.00 each person and \$ 1,000,000.00 each occurrence
      and property damage coverage of \$ 500,000.00 each occurrence
      and \$ 1,000,000.00 aggregate.

   Contractual Liability Insurance specifically providing the indemnity clause appearing in paragraph eight (8) above shall be included in this policy.

   Before commencement of work, Subcontractor shall furnish General Contractor with certificate of insurance satisfying the above requirements and including reference to Contractual Liability Insurance in paragraph eight (8). The certificate shall provide that the policies will not be altered, amended or canceled unless the General Contractor has had at least ten (10) days prior written notice hereof.

10. ~~To furnish 100% Payment and Performance Bond in a company satisfactory to the Contractor for the benefit of the Contractor.~~

11. Subcontractor shall at all times keep the premises free from accumulation of waste materials or rubbish caused by his employees or work, and at the completion of the work, Subcontractor shall remove all its rubbish from and about the buildings and all its tools, scaffolding, and surplus materials and shall leave its work "broom clean" or its equivalent, unless more exactly specified. General Contractor shall have the right to perform this work and backcharge same to the account of Subcontractor.

12. Subcontractor shall not assign this Contract nor sublet any of the work herein, nor assign any monies due or to become due to him hereunder, without the written consent of the General Contractor, and any such assignment without such consent shall be null and void and of no effect.

13. Notwithstanding any other paragraphs hereinabove contained to the contrary, in the event General Contractor shall have during the performance of this Subcontract furnished any labor, supplies, or equipment to Subcontractor, General Contractor shall have the right to deduct from any progress payment otherwise due the Subcontractor hereunder, or from the final payment due Subcontractor, charges for such labor, supplies or equipment furnished to Subcontractor by the General Contractor.

14. Notwithstanding General Contractor exercising any right or option contained herein to terminate this Subcontract, the exercise of such right or option shall not be deemed a waiver of any damages that may be due the General Contractor from Subcontractor by reason of any action of inaction taken by Subcontractor resulting in the General Contractor terminating this Subcontract.

15. During the performance of this Subcontractor Agreement, Subcontractor will not discriminate against any employee or applicant for employment because of sex, race, creed, color or national origin. Subcontractor will take affirmative action to ensure that applicants are employed and that employees are treated during employment without regard to their sex, race, creed, color, or national origin. Such action shall include but not be limited to the following: employment, upgrading, demotion, or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training including apprenticeship. Subcontractor agrees to post in conspicuous places, available to employees and applicants for employment, notices setting forth the provisions of this nondiscrimination clause.

16. All charges for extra work, or changes in the work, must be agreed to in writing before the work is commenced or the change made.

17. (a) General Contractor agrees to pay Subcontractor for the performance of its work the sum of:
*Fourteen Thousand Nine Hundred Sixty Dollars and Fifty Cents, ($14,960.$^{50}$)*
in current funds as follows:

On or about ( 30 ) days after General Contractor has received payment in the amounts requisitioned by the General Contractor, the General Contractor will pay the Subcontractor ( 97 %) percent of the value of labor and materials for this subcontract installed on the project up to the first day of the month as estimated by the General Contractor less the aggregate of previous payments; provided, that prior to any such monthly payment, Subcontractor shall furnish General Contractor proper evidence that all charges for labor and materials to date of payment hereunder have been paid by the Subcontractor.

(b) It is expressly understood and agreed that receipt of payment from Owner by General Contractor for labor and materials installed by Subcontractor on the project is a condition precedent to payment by General Contractor to Subcontractor.

(c ) All requests for payment be received by the first working day of the month following the

month in which work is accomplished or material delivery made. Requests for payment for work performed or materials delivered after such date shall be included in the following month's request for payment.

(d) Before issuance of the final payment, Subcontractor, upon request, shall submit evidence of payment satisfactory to General Contractor for all labor, payroll taxes, materials, equipment, or any other indebtedness connected with Subcontractor's work.

(e) Acceptance of final payment by Subcontractor shall constitute a waiver of all claims against General Contractor, Owner, and the Project.

18. Any controversy or claim arising out of or relating to this agreement or breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, provided the agreement between General Contractor and Owner contains the same procedure for arbitration. In the event the agreement between General Contractor and Owner provides for a different procedure for arbitration, that procedure shall apply.

19. Without limiting the generality of the reference to the Contract Documents contained in paragraph one (1) of this Subcontractor Agreement, Subcontractor's attention is called to the following parts of the Contract Documents attached hereto:

In the event of a conflict between the terms of the Subcontractor Agreement and the Contract Documents, the terms of the Subcontractors Agreement shall take precedence.

20. This agreement constitutes the entire understanding between the parties and supersedes any prior proposals or agreements.

Subcontractor:

**United Rentals Highway Technologies**
1 Independence Road
Kingston, MA 02364

By: [signature]

Craig Schmidt, General Manager

SHIRE CORPORATION

By: [signature]



00153

10

SHIRE CORPORATION

3 Terminal Road • Providence, RI 02905
Phone (401) 467-1802 • Fax (401) 467-0721

# LETTER OF TRANSMITTAL

DATE 6/24/02 JOB NO

ATTENTION Craig Schmidt

RE:
I-95 Safety Improvement
RI # 2000-CH-034

TO United Rental Highway Tech
1 Independence Road
Kingston, MA 02364

WE ARE SENDING YOU ☑ Attached ☑ Under separate cover via US Mail the following items:

☐ Shop drawings ☐ Prints ☐ Plans ☐ Samples ☐ Specifications

☐ Copy of letter ☐ Change order ☐ ______

| COPIES | DATE | NO. | DESCRIPTION |
|---|---|---|---|
| 1 | | | Subcontract Agreement - Executed |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

THESE ARE TRANSMITTED as checked below:

☐ For approval ☐ Approved as submitted ☐ Resubmit ______ copies for approval

☑ For your use ☐ Approved as noted ☐ Submit ______ copies for distribution

☐ As requested ☐ Returned for corrections ☐ Return ______ corrected prints

☐ For review and comment ☐ ______

☐ FOR BIDS DUE ______ 19 ______ ☐ PRINTS RETURNED AFTER LOAN TO US

REMARKS ______

COPY TO File

SIGNED: [signature]

If enclosures are not noted, kindly notify us at once.

SHIRE CORPORATION
3 Terminal Road • Providence, RI 02905
Phone (401) 467-1802 • Fax (401) 467-0721

# LETTER OF TRANSMITTAL

DATE 5/6/02 JOB NO

ATTENTION Craig Schmidt

RE

TO United Rentals Highway Tech
1 Independence Way
Kingston, MA 02364

WE ARE SENDING YOU ☐ Attached ☑ Under separate cover via US Mail the following items:

☐ Shop drawings ☐ Prints ☐ Plans ☐ Samples ☐ Specifications

☐ Copy of letter ☐ Change order ☐ ______

| COPIES | DATE | NO. | DESCRIPTION |
|---|---|---|---|
| 1 | | | Purchase Order # 4938, 4935 |
| | | | Executed |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

THESE ARE TRANSMITTED as checked below:

☐ For approval ☐ Approved as submitted ☐ Resubmit ______ copies for approval

☒ For your use ☐ Approved as noted ☐ Submit ______ copies for distribution

☐ As requested ☐ Returned for corrections ☐ Return ______ corrected prints

☐ For review and comment ☐ ______

☐ FOR BIDS DUE ______ 19 ______ ☐ PRINTS RETURNED AFTER LOAN TO US

REMARKS ______

COPY TO file

SIGNED: [signature]

*If enclosures are not noted, kindly notify us at once.*

# PURCHASE ORDER

ISSUED BY AND FOR

SHIRE CORPORATION

GENERAL CONTRACTORS

PURCHASE ORDER NO. 4938

PURCHASE ORDER NUMBER MUST BE SHOWN ON ALL SHIPPING PAPERS, INVOICES, PACKAGES AND CORRESPONDENCE

**IMPORTANT:**

**MAIL INVOICE IN DUPLICATE**

**SHIRE** CORPORATION
3 Terminal Road
Providence, Rhode Island 02905
(401) 467-1802 Fax (401) 467-0721

SHIP TO: The indicated street address unless otherwise noted below:

SELLER

United Rentals Highway Tech
1 Independence Road
Kingston, MA 02364

| DATE OF ORDER | TERMS OF PAYMENT | F.O.B | SHIP PREPAID VIA |
|---|---|---|---|
| 4/25/02 | | Project Site | |

| QUANTITY | ITEM/ NUMBER | DESCRIPTION | REQUIRED DELIVERY DATE | UNIT PRICE | TOTAL ESTIMATED PRICES |
|---|---|---|---|---|---|
| | 0187E | Truck Mounted Attenuator w/ Arrow Board | | $75/DAY | |

SPECIAL INSTRUCTIONS:

☒ EXEMPT STATE TAX ☐ CHARGE STATE TAX

APPROVED FOR BUYER

ITEMS ORDERED FOR:

PROJECT I-95 Safety Improvement Program RI # 2000-CH-034

OWNER RIDOT

PROJECT LOCATION Pawtucket, RI

BY

AUTHORIZED SIGNATURE

Craig Schmidt, Branch Manager

(THIS ORDER SUBJECT TO TERMS AND CONDITIONS ON BACK OF THIS SHEET)

**PURCHASE ORDER**
ISSUED BY AND FOR

**SHIRE** CORPORATION

GENERAL CONTRACTORS

PURCHASE ORDER NO. 4935

PURCHASE ORDER NUMBER MUST BE SHOWN ON ALL SHIPPING PAPERS, INVOICES, PACKAGES AND CORRESPONDENCE

**IMPORTANT:**
**MAIL INVOICE IN DUPLICATE**

**SHIRE** CORPORATION
3 Terminal Road
Providence, Rhode Island 02905
(401) 467-1802 Fax (401) 467-0721

SHIP TO: The indicated street address unless otherwise noted below:

SELLER
United Rentals Highway Tech.
1 Independence Road
Kingston, MA 02364

| DATE OF ORDER | TERMS OF PAYMENT | F.O.B. | SHIP PREPAID VIA |
|---|---|---|---|
| 4/25/02 | | Project Site | |

| QUANTITY | ITEM/ NUMBER | DESCRIPTION | REQUIRED DELIVERY DATE | UNIT PRICE | TOTAL ESTIMATED PRICES |
|---|---|---|---|---|---|
| | 0245E | Light Towers - 4 each | | $800/month per each | |

SPECIAL INSTRUCTIONS:

☒ EXEMPT STATE TAX ☐ CHARGE STATE TAX

ITEMS ORDERED FOR:

PROJECT Point Street Overpass RI # 2002-CB-023

OWNER RIDOT

PROJECT LOCATION Providence, RI

APPROVED FOR BUYER [signature]

BY [signature]
AUTHORIZED SIGNATURE
Craig Schmidt, Branch Mgr.

(THIS ORDER SUBJECT TO TERMS AND CONDITIONS ON BACK OF THIS SHEET)

Sent By: DESANCTIS INS; 7819335645; 25-Jul- 8:47; Page 1/1

# ACORD. CERTIFICATE OF LIABILITY INSURANCE

OP ID NS SHIRE-1

DATE (MM/DD/YY) 07/25/02

PRODUCER

DeSanctis Insurance Agcy, Inc.
36 Cummings Park
Woburn MA 01801

Phone No 781-935-8480 Fax No 781-933-5645

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

COMPANIES AFFORDING COVERAGE

| | |
|---|---|
| COMPANY A | CNA Insurance Companies |
| COMPANY B | |
| COMPANY C | |
| COMPANY D | |

INSURED

Shire Corporation
3 Terminal Road
Providence RI 02905

COVERAGES

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| A | GENERAL LIABILITY<br>X COMMERCIAL GENERAL LIABILITY<br>CLAIMS MADE [X] OCCUR<br>OWNER'S & CONTRACTOR'S PROT | C1082097363 | 07/08/02 | 07/08/03 | GENERAL AGGREGATE | $2,000,000 |
| | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | EACH OCCURRENCE | $1,000,000 |
| | | | | | FIRE DAMAGE (Any one fire) | $100,000 |
| | | | | | MED EXP (Any one person) | $5,000 |
| | AUTOMOBILE LIABILITY<br>ANY AUTO<br>ALL OWNED AUTOS<br>SCHEDULED AUTOS<br>HIRED AUTOS<br>NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT | $ |
| | | | | | BODILY INJURY (Per person) | $ |
| | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | PROPERTY DAMAGE | $ |
| | GARAGE LIABILITY<br>ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | OTHER THAN AUTO ONLY: EACH ACCIDENT | $ |
| | | | | | AGGREGATE | $ |
| | EXCESS LIABILITY<br>UMBRELLA FORM<br>OTHER THAN UMBRELLA FORM | | | | EACH OCCURRENCE | $ |
| | | | | | AGGREGATE | $ |
| | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY<br>THE PROPRIETOR/PARTNERS/EXECUTIVE OFFICERS ARE: INCL / EXCL | | | | WC STATUTORY LIMITS / OTHER | |
| | | | | | EL EACH ACCIDENT | $ |
| | | | | | EL DISEASE - POLICY LIMIT | $ |
| | | | | | EL DISEASE - EA EMPLOYEE | $ |
| A | OTHER<br>Contractors Leased Equipment | C1082097363 | 07/08/02 | 07/08/03 | $150,000 Per Item | $1,000 Deductible |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/SPECIAL ITEMS

Re: Rental of crash trucks

CERTIFICATE HOLDER

UNITE-0

United Rentals
Chris
25 Marshall Street
Canton MA 02021

CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES.

AUTHORIZED REPRESENTATIVE

Mary Ellen Shy

ACORD 25-S (1/95) ©ACORD CORPORATION 1988

United Rentals
Highway Technologies

1 Independence Rd.
Kingston, MA 02364
Phone: 781-582-0200 Fax: 781-582-0202

PLEASE REMIT TO:

United Rentals Highway Technologies, Inc.
PO Box 532052
Atlanta, GA 30353-2052

69714 SHIRE CONSTRUCTION

3 TERMINAL ROAD
PROVIDENCE RI 02905-0000

| | |
|---|---|
| Invoice: | 76816 |
| Invoice Date: | 12/23/2002 |
| Job: | 802179 |
| Sub Job: | |
| Contract: | 00001 |
| Period To: | 11/19/2002 |
| Period From: | 10/08/2002 |

JOB - 802179 | RI# 2000-CH-034

WORK COMPLETE

| Item Number Description | Unit Price | Units | Amount | CURRENT Units | CURRENT Amount | Material Stored | JOB TO DATE Units | Completed & Stored |
|---|---|---|---|---|---|---|---|---|
| 150 BRIDGE MINIMUM CLEAR SIGNS | 79.000 EA | 15.0000 | 1,185.00 | .0000 | .00 | .00 | .0000 | .00 |
| 223 OVERHEAD SIGN PANELS | 20.000 SF | 30.0000 | 600.00 | .0000 | .00 | .00 | .0000 | .00 |
| 224 OVERHEAD SIGN STRUCT BRIDGE MOUNTED | 6200.000 EA | 1.0000 | 6,200.00 | .0000 | .00 | .00 | .0000 | .00 |
| 225 DELINEATOR YELLOW 4"X4" | 37.500 EA | 44.0000 | 1,650.00 | .0000 | .00 | .00 | .0000 | .00 |
| 226 DELINEATOR WHITE 4"X4" | 37.500 EA | 111.0000 | 4,162.50 | 138.0000 | 5,175.00 | .00 | 138.0000 | 5,175.00 |
| 227 DELINEATOR WHITE 4"X8" | 42.500 EA | 14.0000 | 595.00 | 12.0000 | 510.00 | .00 | 12.0000 | 510.00 |
| 228 MILE POST MARKER 12"X36" D105 | 75.000 EA | 4.0000 | 300.00 | .0000 | .00 | .00 | .0000 | .00 |
| 229 INTERMEDIATE MILE POST MKR 6"X6" | 33.500 EA | 8.0000 | 268.00 | .0000 | .00 | .00 | .0000 | .00 |
| DIRECT 1 | | | | | | | | |
| | TOTALS | | 14,960.50 | | 5,685.00 | .00 | | 5,685.00 |
| | TAXES | | | | .00 | | | |
| | LESS RETAINED | | | | 284.25 | | | |
| | INVOICE TOTAL | | | | 5,400.75 | | | |

**United Rentals**
Highway Technologies

30 Independence Road
Kingston, MA 02364 800 870-1111

# Foreman Daily Report
2185

Date: 10-8-02 Starting AM [ ] PM [ ] Weather: ______ Job #: (802179

Project: RT 95 PAWTUCKET Contractor: SHIRE CORP

Res. Eng.: ______ Detail: YES [ ] NO [ ] Page ___ of ___ Sub/Cont.: ______

| Employee Name | Equip. # | Class | Shop | Driving | Job Site | Lunch | TOTAL | Travel |
|---|---|---|---|---|---|---|---|---|
| Jim H. | 334 | FOREMAN | 5Am-6Am | 6Am-7Am | 7Am-3pm | - | 10 | |
| | | | | | | | | |
| Tom L. | | LABORER | 5Am-6Am | 3pm-4pm | 7Am-3pm | | 10 | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| WORK PERFORMED | | | | MATERIAL USED | |
|---|---|---|---|---|---|
| Item # | Locations/Description | Am't | U/M | Description | Am't |
| | WHITE DELINEATORS - 4"x8" | 2 | | 8' - P-9 POSTS | 53 |
| | WHITE DELINEATOR 4"x4" | 36 | | | |
| | YELLOW DELINEATORS 4"x4" | 15 | | | |

RECEIVED OCT 1 4 2002

COMMENTS: ______ COMPLETED BY: ______

**DIG SAFE 800-322-4844 ID# 20100**

WHITE - BILLING YELLOW - PAYROLL PINK - INVENTORY GOLDENROD - FOREMAN

**United Rentals**
Highway Technologies

30 Independence Road
Kingston, MA 02364 800 870-1111

Foreman Daily Report
2189

Date: 10-10-02 Starting AM [ ] PM [ ] Weather: ______ Job #: L802179

Project: RT 95 PAWTUCKET Contractor: SHIRE

Res. Eng.: ______ Detail: YES [ ] NO [ ] Page ___ of ___ Sub/Cont.: SHOP

| Employee Name | Equip. # | Class | Shop | Driving | Job Site | Lunch | TOTAL | Travel |
|---|---|---|---|---|---|---|---|---|
| Jim H. | 334 | FOR | 5:30-6AM | 6AM-7AM | 7AM-10AM | | | 11AM-1:30PM |
| | | | | | | | | |
| Tom L. | | LAB | 5:30-6AM | 10AM-11AM | 7AM-10AM | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**WORK PERFORMED** / **MATERIAL USED**

| Item # | Locations/Description | Am't | U/M | Description | Am't |
|---|---|---|---|---|---|
| | 4"X4" WHITE DELINEATORS | 16 | | | |
| | 4"X4" YELLOW DELINEATORS | 7 | | | |

RECEIVED OCT 14 2002

COMMENTS: ______ COMPLETED BY: ______

**DIG SAFE 800-322-4844 ID# 20100**

WHITE - BILLING YELLOW - PAYROLL PINK - INVENTORY GOLDENROD - FORMAN

**United Rentals**
Highway Technologies

30 Independence Road
Kingston, MA 02364 800 870-1111

# Foreman Daily Report
2187

Date: 10-9-02 Starting AM [ ] PM [ ] Weather: ______ Job #: L802179

Project: RT 95 PAWTUCKET Contractor: SHIRE CORP.

Res. Eng.: ______ Detail: YES [ ] NO [ ] Page ___ of ___ Sub/Cont.: ______

| Employee Name | Equip. # | Class | Shop | Driving | Job Site | Lunch | TOTAL | Travel |
|---|---|---|---|---|---|---|---|---|
| Jim H. | 334 | For. | 5am-6am | 6am-7am | 7am-3pm | - | 10 | |
| | | | | | | | | |
| Tom L. | | LABORER | 5am-6am | 3pm-4pm | 7am-3pm | - | 10 | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| Item # | WORK PERFORMED Locations/Description | Am't | U/M | MATERIAL USED Description | Am't |
|---|---|---|---|---|---|
| | WHITE DELINEATORS 4"x8" | 10 | | 8' - P.9 POSTS | 74 |
| | WHITE DELINEATORS 4"x4" | 42 | | | |
| | YELLOW DELINEATORS 4"x4" | 22 | | | |

RECEIVED
OCT 14 2002

COMMENTS: ______ COMPLETED BY: ______

**DIG SAFE 800-322-4844 ID# 20100**

WHITE - BILLING YELLOW - PAYROLL PINK - INVENTORY GOLDENROD - FORMAN

00162

# DAILY PRODUCTION REPORT / Production & Material Costs

UR Job #: L802179  BR #/Location: 129 /

Date: 11/19/02 (am) pm  Day #: TUE  Job Title: Temp PAINT  Job Location: PAWTUCKET RI

Weather: ______  Page 2 of 2  Contractor: SHIRE CONST  Foreman: [signature]

| WORKED PERFORMED | | | | | | | MATERIAL USED | | |
|---|---|---|---|---|---|---|---|---|---|
| Contract Item Number | Description | Income Code | Amount | Unit of Measure | Dimension Width | Dimension Height | Description | Amount | Material Code |
| 854.014 | 4" White Line | PT | 50' | LF | | | LATEX PAINT | 2 GAL | |
| 854.014 | 4" yellow Line | PT | 129' | LF | | | LATEX PAINT | 2 GAL | |
| | | | | | | | GLASS BEADS | 15 LBS | |

| Pavement Markings | Permanent Installation | Traffic Control | ITS | Shoring |
|---|---|---|---|---|
| Paint | Signs | Contract Job | Contract Job | Contract Job |
| Thermo | Guardrail | Power System | | |
| Markers | Temp/Barrier | Impact Atten | | |
| Removal | Perm/Barrier | Management | | |
| Epoxy | Other | Temporary | | |
| Tape | Management | | | |
| Management | Temporary | | | |
| Temporary | | | | |

RECEIVED OCT 20 2002

Comments: ______

00163