STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

COSCO, INC.,

Plaintiff

v.

CIVIL ACTION NO. 04-365

SHIRE CORPORATION and UNITED STATES FIDELITY AND GUARANTY COMPANY d/b/a ST. PAUL SURETY,

Defendants

# COMPLAINT

## PARTIES & JURISDICTION

1. Plaintiff COSCO, Inc. ("COSCO") is a corporation duly organized and existing under the laws of Rhode Island with its principal place of business located at 707 Park East Drive, Woonsocket, RI 02895.

2. Defendant Shire Corporation ("Shire") is a corporation duly organized and existing under the laws of Rhode Island with its principal place of business at 3 Terminal Road, Providence, RI 02905.

3. Defendant United States Fidelity and Guaranty Company d/b/a St. Paul Surety ("USF&G") is a bonding company with its principal place of business in Baltimore, Maryland.

4. All of the above Defendants have the requisite minimum contacts with the State of Rhode Island and are subject to the jurisdiction of this Court.

5. This Court has personal jurisdiction over Shire inasmuch as Shire has a principal place of business in this state.

6. This Court has personal jurisdiction over Defendant USF&G inasmuch as that company entered into a bonding agreement with Shire to bond Shire's payment and performance on a construction project located in this state.

7. This Court has exclusive subject matter jurisdiction under R.I. Gen. Laws § 8-2-14, inasmuch as the amount in controversy exceeds $10,000, as well as under R.I. Gen. Laws § 37-12-3.

## FACTUAL BACKGROUND

8. In or around September or October 1997, Defendant Shire entered into a contract with the State of Rhode Island for the replacement of Mineral Spring Avenue Bridge no. 934 over Amtrak railroad (the "Mineral Spring Bridge Contract").

9. On September 25, 1997, COSCO entered into a subcontract with Defendant Shire whereby COSCO agreed to perform certain services in connection with Defendant Shire's obligations under the Mineral Spring Bridge Contract, and Defendant Shire agreed to pay COSCO for said services (the "Mineral Spring Bridge Subcontract").

10. On February 18, 1998, Defendant Shire entered into a contract with the State of Rhode Island for the rehabilitation of Meeting House Bridge no. 199 (the "Meeting House Bridge Contract").

11. On February 19, 1998, COSCO entered into a subcontract with Defendant Shire whereby COSCO agreed to perform certain services in connection with Defendant Shire's obligations under the Meeting House Bridge Contract, and Defendant Shire agreed to pay COSCO for said services (the "Meeting House Bridge Subcontract").

12. On March 25, 1999, Defendant Shire entered into a contract with the State of Rhode Island for the rehabilitation of the Huntington Viaduct Bridge no. 665 (the "Huntington Bridge Contract").

13. On March 25, 1999, COSCO entered into a subcontract with Defendant Shire whereby COSCO agreed to perform certain services in connection with Defendant Shire's obligations under the Huntington Bridge Contract, and Defendant Shire agreed to pay COSCO for said services (the "Huntington Bridge Subcontract").

14. On April 23, 1999, Defendant Shire entered into a contract with the State of Rhode Island for work on the Newport Marine Facilities project for the sum of $5,987,334.75 (the "Newport Marine Contract").

15. On February 24, 1999, COSCO entered into a subcontract with Defendant Shire whereby COSCO agreed to perform certain services in connection with Defendant Shire's obligations under the Newport Marine Contract, and Defendant Shire agreed to pay COSCO for said services (the "Newport Marine Subcontract").

16. On November 29, 1999, Defendant Shire entered into a contract with the State of Rhode Island for the reconstruction of the Six Corners Bridge no. 451 for the sum of $1,277,097.17 (the "Six Corners Bridge Contract").

17. On October 19, 1999, COSCO entered into a subcontract with Defendant Shire whereby COSCO agreed to perform certain services in connection with Defendant Shire's obligations under the Six Corners Bridge Contract, and Defendant Shire agreed to pay COSCO for said services (the "Six Corners Bridge Subcontract").

18. On May 24, 2000, Defendant Shire entered into a contract with the State of Rhode Island for safety improvements to I-95 riding surfaces, bridges and ramps for the sum of $10,965,601.56 (the "I-95 Contract").

19. Also on May 24, 2000, Defendants Shire and USF&G entered into a contract bond for complete performance and full payment, by which terms USF&G guaranteed payment of Shire's obligations under the I-95 Contract to third parties.

20. On March 8, 2000, COSCO entered into a subcontract with Defendant Shire whereby COSCO agreed to perform certain services in connection with Defendant Shire's obligations under the I-95 Contract, and Defendant Shire agreed to pay COSCO for said services (the "I-95 Subcontract").

21. On April 5, 2001, Defendant Shire entered into a contract with the State of Rhode Island for the reconstruction of the Greenwood Railroad Bridge no. 2 for the sum of $4,500,749.40 (the "Greenwood Bridge Contract").

22. On February 26, 2001, COSCO entered into a subcontract with Defendant Shire whereby COSCO agreed to perform certain services in connection with Defendant Shire's obligations under the Greenwood Bridge Contract, and Defendant Shire agreed to pay COSCO for said services (the "Greenwood Bridge Subcontract").

23. On June 14, 2001, Defendant Shire entered into a contract with the State of Rhode Island for the temporary construction of the Davisville Railroad Bridge no. 369 for the sum of $1,930,515.08 (the "Davisville Bridge Contract").

24. On May 18, 2001, COSCO entered into a subcontract with Defendant Shire whereby COSCO agreed to perform certain services in connection with Defendant

Shire's obligations under the Davisville Bridge Contract, and Defendant Shire agreed to pay COSCO for said services (the "Davisville Bridge Subcontract").

25. On August 14, 2001, Defendant Shire entered into a contract with the State of Rhode Island for the construction of the Blackstone River Bikeway Ashton Bridge no. 1044 for the sum of $1,156,515.61 (the "Ashton Bridge Contract").

26. On July 2, 2001, COSCO entered into a subcontract with Defendant Shire whereby COSCO agreed to perform certain services in connection with Defendant Shire's obligations under the Ashton Bridge Contract, and Defendant Shire agreed to pay COSCO for said services (the "Ashton Bridge Subcontract").

27. On January 24, 2003, Defendant Shire entered into a contract with the State of Rhode Island for safety improvements to I-295-Contract 3C for the sum of $2,888,595.60 (the "I-295 Contract").

28. On November 25, 2002, COSCO entered into a subcontract with Defendant Shire whereby COSCO agreed to perform certain services in connection with Defendant Shire's obligations under the I-295 Contract, and Defendant Shire agreed to pay COSCO for said services (the "I-295 Subcontract").

29. COSCO has performed its obligations pursuant to the Mineral Spring Bridge Subcontract, the Meeting House Bridge Subcontract, the Huntington Bridge Subcontract, and the Newport Marine Subcontract, the Six Corners Bridge Subcontract, the I-95 Subcontract, the Greenwood Bridge Subcontract, the Davisville Bridge Subcontract, the Ashton Bridge Subcontract, and the I-295 Subcontract (collectively, the "Subcontracts").

30. Despite COSCO's performance of its obligations pursuant to the Subcontracts, Shire has failed or refused to pay COSCO the sums due and owing under the Subcontracts.

31. COSCO has made repeated demands upon Shire for payment of the sums due, but Shire has failed or refused to pay.

32. On October 3, 2003, COSCO made demand upon USF&G, as surety, for payment of the sums owed by Shire under the I-95 Subcontract.

33. To date, USF&G has failed to pay COSCO the sums due and owing under the I-95 Subcontract.

**COUNT I – BREACH OF CONTRACT**
**(Defendant Shire)**

34. COSCO repeats and realleges the allegations in paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. Defendant Shire has failed or refused to pay COSCO an amount to be determined at trial for work performed in accordance with the terms of the Mineral Spring Bridge Subcontract.

36. Defendant Shire has failed or refused to pay COSCO $3,054.10, not including retainage, owed for work in accordance with the terms of the Meeting House Bridge Subcontract.

37. Defendant Shire has failed or refused to pay COSCO an amount to be determined at trial for work performed in accordance with the terms of the Huntington Bridge Subcontract.

38. Defendant Shire has failed or refused to pay COSCO $41,132.00, not including retainage, owed for work in accordance with the terms of the Newport Marine Subcontract.

39. Defendant Shire has failed or refused to pay COSCO an amount to be determined at trial for work performed in accordance with the terms of the Six Corners Bridge Subcontract.

40. Defendant Shire has failed or refused to pay COSCO $267,128.94, not including retainage, owed for work in accordance with the terms of the I-95 Subcontract.

41. Defendant Shire has failed or refused to pay COSCO $3,432.52, not including retainage, owed for work in accordance with the terms of the Greenwood Bridge Subcontract.

42. Defendant Shire has failed or refused to pay COSCO $101,491.28, not including retainage, owed for work in accordance with the terms of the Davisville Bridge Subcontract.

43. Defendant Shire has failed or refused to pay COSCO $3,036.10, not including retainage, owed for work in accordance with the terms of the Ashton Bridge Subcontract.

44. Defendant Shire has failed or refused to pay COSCO $9,288.72, not including retainage, owed for work in accordance with the terms of the I-295 Subcontract.

45. Defendant Shire's failure to pay COSCO pursuant to the terms of the foregoing Subcontracts constitutes a breach of the subcontracts.

46. COSCO has suffered damages as a result of Defendant Shire's breach of the Subcontracts in an amount to be determined at trial, plus interest and attorneys' fees.

WHEREFORE, COSCO demands that this Court enter judgment against Shire in an amount to be determined at trial, plus interest, attorneys' fees, and for such other relief as this Court deems just.

**COUNT II – QUANTUM MERUIT**
**(Defendant Shire)**

47. COSCO repeats and realleges the allegations in paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48. In good faith, COSCO performed work pursuant to the terms of the Subcontracts.

49. The approximate total fair value of the work that COSCO performed pursuant to the Subcontracts, but for which Shire has failed or refused to pay COSCO exceeds $428,000.00.

WHEREFORE, COSCO demands judgment against Shire in an amount to be determined at trail, plus interest, attorneys' fees, and for such other relief as this Court deems just.

**COUNT III – ATTORNEYS' FEES**
**(Defendant Shire)**

50. COSCO repeats and realleges the allegations in paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51. Because there is no justiciable issue which has or can be raised by Shire in this case, COSCO is entitled to recover attorneys' fees pursuant to R.I. Gen. L. § 9-1-45.

52. COSCO has incurred attorneys' fees in an amount to be determined at trial.

WHEREFORE, COSCO demands judgment against Shire for its attorneys' fees in an amount to be determined at trial, plus interest, and for such other relief as this Court deems just.

**COUNT IV – SUIT ON PAYMENT BOND**
**(Defendant USF&G)**

53. COSCO repeats and realleges the allegations in paragraphs 1 through 52 of this Complaint as though fully set forth herein.

54. Defendant Shire failed to promptly make payments to COSCO under the I-95 Subcontract, and therefore USF&G is liable under its payment bond (the "USF&G Bond").

55. USF&G's failure to comply with its obligations under the USF&G Bond constitutes a breach of USF&G's obligations.

56. COSCO is a beneficiary of the USF&G bond.

57. COSCO has been damaged by USF&G's breach in the amount of $267,128.94, plus interest and attorneys' fees.

WHEREFORE, COSCO demands judgment against USF&G in the amount of $267,128.94, plus interest, attorneys' fees, and for such other relief as this Court deems just.

WHEREFORE, COSCO respectfully requests that this Court:

A. Enter judgment against Shire for all damages resulting from its breach of the Subcontracts, plus interest and attorneys' fees;

B. Enter judgment against Shire for COSCO's attorneys' fees pursuant to R.I. Gen. L. § 9-1-45;

C. Enter judgment against USF&G for all amounts due pursuant to its payment bond, plus interest and attorneys' fees; and

D. Award such other and further relief as this Court deems just.

Respectfully submitted,

COSCO, INC.

By its attorneys,

Gerald J. Petros (#2931)
HINCKLEY ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903-2393
Tel. (401) 274-2000
Fax (401) 277-9600

Dated: January 22, 2004.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY..

B. Enter judgment against Shire for COSCO's attorneys' fees pursuant to R.I. Gen. L. § 9-1-45;

C. Enter judgment against USF&G for all amounts due pursuant to its payment bond, plus interest and attorneys' fees; and

D. Award such other and further relief as this Court deems just.

Respectfully submitted,

COSCO, INC.

By its attorneys,

______________________________

Gerald J. Petros (#2931)
HINCKLEY ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903-2393
Tel. (401) 274-2000
Fax (401) 277-9600

Dated: January _____, 2004.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.