**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY, Plaintiff | : | |
| v. | : | C.A. No. 05-499ML |
| SHIRE CORPORATION; J. CLARK DONATELLI, JR.; and PETER R. DONATELLI, Defendants. | : | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The Defendants, Shire Corporation ("Shire"), J. Clark Donatelli, Jr. and Peter R. Donatelli ("Defendants"), hereby submit this memorandum of law in support of their partial objection to the Plaintiff, United States Fidelity & Guaranty Company's ("USF&G"), Motion for Summary Judgment. As set forth herein, there exist genuine issues of material fact with respect to two of Plaintiff's claims, which preclude entry of summary judgment as to USF&G's requests for an award of attorneys' fees and damages under the doctrine of exoneration. At most, USF&G is entitled to partial summary judgment in the amount of $207,703.50 (which is the amount of indemnity payments it has made relative to Defendants).

## STANDARD OF REVIEW

It is well settled that a motion for summary judgment is a drastic remedy and, as such, should be applied cautiously. *Van Dorn Retail Mgmt. v. Back Bay Clothing Co.*, 1992 U.S. Dist. LEXIS 7592 (D.R.I. 1992), *Deleone v. New England Repossession*

*Service, Inc.*, 1992 WL 813562 (R.I. Super. Ct. 1992) (citing *Rustigian v. Celona*, 478 A.2d 187, 189 (R.I. 1984). Furthermore, it is axiomatic that the Court must view the pleadings, affidavits, memoranda, and other evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." *Feliciano de la Cruz v. El Conquistador Resort & Country Club*, 218 F.3d 1, 5 (1st Cir. 2000)(citing *Mulero-Rodriguez v. Ponte, Inc.*, 98 F.3d 670, 672 (1st Cir. 1996)). Whenever the non-moving party establishes that a material issue of fact exists, the Court must deny summary judgment. *Tennian v. United Food & Commer. Workers Union, Local* 328, 279 F. Supp. 2d 130, 132-133 (D.R.I. 2003), *Hydro-Mfg, Inc. v. Kayser-Roth Corp.*, 640 A.2d 950, 954 (R.I. 1994); *Grisson v. Pawtucket Trust Co.*, 559 A.2d 1065, 1066 (R.I. 1989). "An issue of fact is 'genuine' if it may reasonably be resolved in favor of either party." *Izzi v. United Parcel Service, Inc.*, 2005 U.S. Dist. LEXIS 40748, 9 (D.R.I. 2005)(citing *Maldonado-Denis, v. Castillo-Rodriguez*, 23 F.3d 576, 581 (1st Cir. 1994)).

"When the facts support plausible but conflicting inferences on a pivotal issue in the case, the judge may not choose between those inferences at the summary judgment stage." *Coyne v. Taber Partners I*, 53 F.3d 454, 460 (1st Cir. 1995). Furthermore, "summary judgment is not appropriate merely because the facts offered by the moving party seem more plausible, or because the opponent is unlikely to prevail at trial. If the evidence presented is subject to conflicting interpretations, or reasonable men (sic) might differ as to its significance, summary judgment is improper." *Gannon v. Narragansett Elec. Co.*, 777 F. Supp. 167, 169 (D.R.I. 1991)(citation and internal quotation marks omitted).

## STATEMENT OF RELEVANT FACTS

Generally, the Defendants do not dispute the facts as set forth in USF&G's Concise Statement of Undisputed Material Facts Pursuant to LR Cv 56, with the exception of the Kasten Affidavit and the amount of legal fees referenced in Paragraphs 25 and 26 thereto. However, the Defendants dispute that there were any damages allegedly incurred by USF&G (or any possible future liability exposure to USF&G) for the "Cosco claim" referred to in USF&G's motion papers. Also, the Defendants dispute the necessity, reasonableness and calculation of the attorneys' fees for which USF&G seeks an award against the Defendants from this Court.

## ARGUMENT

### A. USF&G IS ONLY ENTITLED TO PARTIAL SUMMARY JUDGMENT FOR REIMBURSEMENT OF THE INDEMNIFICATION PAYMENTS IT HAS MADE TO DATE FOR THE BENEFIT OF SHIRE.

In its summary judgment papers, USF&G contends that it is entitled to indemnification by Defendants for amounts paid by USF&G to: Service Contracting, Inc. in the amount of $172,500.00; PRM Concrete Corporation in the amount of $22,303.25; United Rentals Highway Technologies in the amount of $5,685.00; and Contractor Supply, Inc. in the amount of $7,215.25. Defendants concede that USF&G is entitled to indemnification for these amounts totaling $207,703.50.

### B. USF&G IS NOT ENTITLED TO DAMAGES FROM THE DEFENDANTS UNDER THE DOCTRINE OF EXONERATION RELATIVE TO THIRD-PARTY CLAIMS MADE BY COSCO, INC.

USF&G contends that it is entitled to exoneration by Defendants for claims made by Cosco Inc. in the amount of $267,128.94, plus interest and fees. Exoneration on this claim is improper as Cosco's claim against Shire has been settled, with no payment by, or

costs incurred by, or potential liability exposure to, USF&G. The Dismissal Stipulation that is being filed in the case of *Cosco, Inc. v. Shire Corporation et al.*, pending in Providence County (RI) Superior Court as C.A. No. PC04-0365, is attached hereto as Exhibit A. The Defendants are awaiting receipt of the signed Dismissal Stipulation from Cosco's counsel in that action and agree to provide this Court with a fully executed and date-stamped copy of that document upon its filing in State Superior Court.

**C. USF&G'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES IN THE AMOUNT OF $53,706.83 FROM THE DEFENDANTS IS UNREASONABLE AND, AT A MINIMUM, RAISES GENUINE ISSUES OF MATERIAL FACT.**

This is a breach of contract action. The contract at issue is the General Agreement of Indemnity ("GAI") entered into by and among the parties. USF&G is pursuing claims against the Defendants for their alleged breach of the GAI. Under Rhode Island law which governs this dispute, it is a well settled rule of contract interpretation that to determine "whether a contract is clear and unambiguous, the document must be viewed in its entirety and its language be given its plain, ordinary and usual meaning." *W.P. Assocs. V. Forcier, Inc.*, 637 A.2d 353, 356 (R.I. 1994) (citing *Antone v. Vickers*, 610 A.2d 120, 123 (R.I. 1992)). When an agreement is "reasonably and clearly susceptible" to more than one interpretation, it is deemed to be ambiguous. *Id.* Courts interpret the relevant contract terms to determine the intent of the parties. *Capital Properties, Inc. v. State of Rhode Island*, 749 A.2d 1069, 1081 (R.I. 1999).

The pertinent GAI section provides that:

> The [Defendants] shall indemnify [USF&G] and hold it harmless from and against all liability...attorneys' fees...which [USF&G] may sustain or incur by reason of, or relating to, having executed or procured the execution of any such bond...or enforcing any provision of this Agreement.

Under Rhode Island law and in accordance with the intent of the parties to the GAI, the term "attorneys' fees" must be interpreted as meaning "reasonable attorneys' fees." Rhode Island case law has universally provided that: "[a]n attorney's fee should be consistent with the services rendered, that is to say, which is *fair and reasonable*. (*emphasis added*) What is fair and reasonable depends, of course, on the facts and circumstances of each case." *Colonial Plumbing & Heating Supply Co. v. Contemporary Construction Co., Inc.*, 464 A.2d 741, 742 (R.I. 1983)(citing *Palumbo v. United States Rubber Co.*, 102 R.I. 220, 229 A.2d 620 (1967)).

Furthermore, Rhode Island statutory law requires that, even in contract cases where there is no justiciable defense, the plaintiff's recovery as to legal fees is limited to "reasonable attorneys' fees." (*emphasis added)* (R.I. Gen. Laws §9-1-45). Therefore, Defendants are only required to reimburse USF&G for those attorneys' fees that this Court deems to be necessary and reasonable. Such a ruling requires a finding of necessity and reasonableness by a preponderance of the evidence.

USF&G posits in its motion papers that it has incurred $53,706.83 in legal fees and expenses in connection with: a) resolving claims related to the subject Contractor Bond for Complete Performance and Full Payment (the "Surety Bond") issued to Shire; and b) in pursuing this civil action for indemnification against the Defendants. As further detailed below, even a cursory review of USF&G's submitted legal bills reveals that, at a minimum, $7,650.99 of USF&G's claimed legal fees and expenses were unnecessary and unreasonable. Furthermore, USF&G has not submitted any expert affidavits (or other testimony) concerning the reasonableness of its claimed attorneys' fees and expenses.

USF&G was represented throughout these Rhode Island-venued matters by Rhode Island-admitted counsel with a Providence mailing address. Despite this arrangement, USF&G's counsel evidently charged USF&G (and USF&G apparently paid) billable attorney time in excess of twenty-six (26) hours (at an average of $240/hr.) for at least twelve (12) round-trips by counsel between Boston and Providence, as well as costs for mileage and tolls between Boston and Providence. One can only surmise that these hours represent travel time (and expenses) from USF&G's counsel's metro Boston area residence to Providence and back. This Court may take judicial notice that there are no toll roads between downtown Boston and downtown Providence – so clearly the purported disbursements for tolls cannot be reasonably related to legal representation of USF&G as the surety for Shire. The billable hours and expenses for travel time total approximately $6,071.80. These charges were not reasonable or necessary. At the very least, an evidentiary hearing is necessary. While USF&G is free to engage counsel from anywhere in the United States (with appropriate local counsel) to represent its interest in Rhode-Island venued litigation matters, it cannot pass on those costs to its bonded customers in the form of "reasonable attorneys' fees and expenses."

As further examples of unnecessary and/or unreasonable fees and expenses, USF&G seeks recovery of $600 in *pro hac vice* attorneys' fees. However, the underlying legal matters were straightforward construction disputes between a general contractor and its sub-contractors, which any competent Rhode Island construction lawyer could have handled. There was absolutely no need for out-of-state counsel to have ever appeared on behalf of USF&G in any of these Rhode Island matters. If USF&G chose to manage the litigation in that fashion, it had that prerogative. However, the Defendants are not

obligated to reimburse USF&G for those unnecessary and unreasonable attorneys' fees and costs. By way of further example, even though USF&G's counsel maintained an office in Providence, they charged $101.69 in mileage and meal charges for costs associated with a deposition *held in Providence*.

Furthermore, USF&G has submitted legal bills for this case, which include entries for attorney time spent in drafting discovery requests that were never propounded. For example, there are entries for attorney time of 4.5 hours totaling $832.50 purportedly spent on drafting Requests for Admissions that were never filed or served on the Defendants in this case. USF&G is also seeking recovery of an expense of $45.00 for service of process on Defendants' counsel, when Defendants' counsel accepted and completed a waiver of service of process form.

Based on their initial review of USF&G's legal bills, the Defendants have discerned at least $7,650.99 in unnecessary and unreasonable legal fees and expenses – just in Boston-Providence travel, *pro hac vice* admission time and costs, and unnecessary legal work --, for which USF&G now seeks reimbursement. Accordingly, there are genuine issues of material fact that preclude the entry of summary judgment (except for partial summary judgment in the amount of $207,703.50).

## D. CONCLUSION

For all of the foregoing reasons, this Court should conclude that there are genuine issues of material fact as to at least two of Plaintiff's claims. Accordingly, this Court

should deny Plaintiff's motion for summary judgment (except for partial summary judgment in the amount of $207,703.50).

SHIRE CORPORATION;
J. CLARK DONATELLI, JR.; and
PETER R. DONATELLI

By their attorneys,

/s/ Randall L. Souza
Randall L. Souza (#4082)
rsouza@shslawfirm.com
SHECHTMAN HALPERIN SAVAGE, LLP
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400
(401) 272-1403 (fax)

**CERTIFICATE OF SERVICE**

I, Randall L. Souza, hereby certify that the foregoing document filed through the CM/ECF system will be sent electronically to the registered participants listed below, as identified on the Notice of Electronic Filing (NEF), on this 5th day of September, 2006:

CharCretia V. DiBartolo, Esq.
cdibartolo@hinshawlaw.com
HINSHAW & CULBERTSON LLP
One International Place
Boston, MA. 02110

/s/ Randall L. Souza