UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SHIRE CORPORATION, JOHN CLARK DONATELLI, JR., and PETER R. DONATELLI,<br><br>Defendants. | CIVIL ACTION NO. 05-499 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF UNITED STATES FIDELITY AND GUARANTY COMPANY'S MOTION TO ENFORCE SETTLEMENT**

Plaintiff United States Fidelity and Guaranty Company ("USF&G") submits the following Memorandum in Support of its Motion to Enforce Settlement.

**INTRODUCTION**

At a settlement conference on October 17, 2006, before U.S. Magistrate Judge Robert W. Lovegreen and attended by all parties, defendants agreed to a detailed settlement, which included payment by December 29, 2006 of $240,000.00 to USF&G. The settlement also provided that the defendants would execute a consent judgment in the amount of $271,604.00 so that, if the settlement check was not received on or before December 29, 2006, USF&G could file the consent judgment and proceed with obtaining an execution in the case. Although defendants have never signed the Settlement Agreement and Release, it is clear from the actions of the parties that the defendants agreed to the terms outlined in the Settlement Agreement.

Accordingly, this Court should enforce the settlement and enter judgment in favor of USF&G in the full amount sought by USF&G of $271,604.00, plus interest and costs of suit.

## STATEMENT OF FACTS

On October 17, 2006, the parties attended a settlement conference with U.S. Magistrate Judge Robert W. Lovegreen pursuant to a notice of settlement conference dated September 12, 2006. (Affidavit of CharCretia V. Di Bartolo ["Di Bartolo Aff."], attached hereto as Exhibit A, ¶ 2.). Roxanne Kasten attended the settlement conference on behalf of USF&G along with undersigned counsel. (Id.). Randy Souza attended the conference as counsel for defendants Shire Corporation ("Shire"), John Clark Donatelli, Jr. and Peter R. Donatelli. (Id.). John Clark and Peter Donatelli attended on behalf of themselves individually and on behalf of the corporation. (Id.).

At the settlement conference, the parties reached an agreement with respect to resolution of the case. (Di Bartolo Aff., ¶ 3). By letter dated October 18, 2006, USF&G's counsel confirmed the terms of the settlement reached between the parties. (Id., at Ex. 1). Pursuant to that letter, the terms of the settlement are as follows:

(a) Defendants will forward to [USF&G's counsel] a check payable to St. Paul Travelers in the amount of $240,000.00 on or before December 29, 2006.

(b) Defendants will execute a Consent Judgment in the amount of $271,604.00. The parties will also execute a Stipulation of Dismissal with Prejudice. [USF&G's counsel] will hold both of these documents in escrow pending receipt of the settlement check described above. If the settlement check is received on or before December 29, 2006, [USF&G's counsel] will return the executed Consent Judgment marked "Satisfied in Full" and the Dismissal Stipulation to [Shire's counsel] for filing. If the settlement check is not received on or before December 29, 2006, [USF&G's counsel] will file the executed Consent Judgment and proceed with obtaining an Execution in the case.

(c) [USF&G's counsel] will provide to [Shire's counsel] a copy of a letter addressed to Michael Mitchell, Esq., Rhode Island Department of Transportation, releasing USF&G's lien on the retainage held by RIDOT. Upon receipt of the settlement

check described above, [USF&G's counsel] will mail said letter to Attorney Mitchell.

(d) [Shire's counsel] will obtain an executed Stipulation of Dismissal in the Cosco v. Shire & USF&G matter and file same on or December 29, 2006.

(Id.).

Subsequently, Attorney Souza forwarded to USF&G's counsel a general release, which did not contain all of the various components listed in the October 18, 2006 letter. (Di Bartolo Aff., ¶ 4). By letter dated October 25, 2006, as well as by a telephone message left for Attorney Souza on the previous day, USF&G's counsel told Attorney Souza that it seemed appropriate, given the various components of the parties' agreement, that the parties memorialize all terms in a written settlement agreement. (Id., at Ex. 2).

After exchanges between counsel of drafts of an agreement, USF&G's counsel forwarded two originals of a Settlement Agreement and Release to Attorney Souza by letter dated November 15, 2006. (Di Bartolo Aff. ¶ 5 and Ex. 3). In that letter, she requested that Attorney Souza have his client sign the Settlement Agreement and Release. (Id.). In addition, she asked that he sign the Stipulation of Dismissal and Consent Judgment attached as Exhibits A and B to the Settlement Agreement and return the originals to her. (Id.).

One of the terms of the settlement was that defendants would obtain an executed Stipulation of Dismissal in a related case captioned Cosco, Inc. v. Shire Corporation and USF&G, Providence Superior Court C.A. No. 04-0365. (Di Bartolo Aff., ¶ 6). By letter dated December 13, 2006, Andrea M. Salvaggio, Legal Assistant to Attorney Souza, filed an original Stipulation of Dismissal in that case with the Providence Superior Court. (Id., Ex. 4).

By e-mail dated December 14, 2006, USF&G's counsel advised Attorney Souza that she had obtained executed originals of the Settlement Agreement and Release from USF&G and

requested that he forward the original Settlement Agreement and Release executed by the defendants to her. (Di Bartolo Aff., ¶ 7 and Ex. 5). As of the date of this Affidavit, USF&G has not received an original Settlement Agreement and Release executed by defendants. (Id.).

On December 29, 2006, USF&G's counsel had extensive telephone conversations with Attorney Souza regarding the settlement payment provided for in the Settlement Agreement and Release. (Di Bartolo Aff., ¶ 8). Attorney Souza informed counsel that his clients had not signed the Settlement Agreement and Release and that they were unable to make the payment required by the Settlement Agreement and Release on December 29, 2006. (Id.). Although Attorney Souza advised that his clients were attempting to find a way to finance the settlement amount, he gave no assurance that payment would be made of the entire $240,000 settlement amount. (Id.).

## ARGUMENT

### A. This Court May Enforce A Settlement Reached Between The Parties.

In this jurisdiction, a "party to a settlement agreement may seek to enforce the agreement's terms when the other party reneges." Malave v. Carney Hospital, 170 F.3d 217, 220 (1st Cir. 1999). "If . . . the settlement collapses before the original suit is dismissed, the party who seeks to keep the settlement in tact may file a motion for enforcement." Id. Although, as a general rule, a trial court may not summarily enforce a purported settlement agreement if there is a genuinely disputed question of material fact regarding the existence or terms of that agreement, where no such dispute exists, the court may enforce the agreement. See Malave, 170 F.3d at 220.

In Malave, the opposing lawyers agreed to a settlement of a discrimination suit. When the plaintiff refused to execute a proposed settlement agreement, claiming that she had never

authorized her attorney to settle the case for less than $30,000.00, the defendant moved to enforce the purported settlement agreement. Malave, 170 F.3d at 219. The district court granted the motion without holding an evidentiary hearing. Id. Because there was clearly a dispute as to whether the plaintiff had agreed to the terms of the settlement agreement, the First Circuit reversed the district court's allowance of the motion. Id. In doing so, the Court noted that this was "not an instance in which the existence of the settlement had somehow been conceded previously by both parties or in which the Court had been able to acquire personal knowledge through, for example, a settlement conference or a hearing." Id. at 221. Thus, it is clear that an evidentiary hearing is not necessary to enforce an agreement where neither its existence nor its terms are disputed.

Unlike Malave, there can be no question in this case but that the parties agreed to the terms of the settlement as outlined both in counsel's October 18, 2006 letter as well as in the Settlement Agreement and Release. Accordingly, this Court can and should enforce the settlement pursuant to those terms. Unlike Malave, both John Clark and Peter Donatelli attended the settlement conference at which the terms were agreed upon by the parties. Thus, they cannot argue that they did not authorize counsel to settle on these terms. In addition, counsel for defendants has taken action required by the agreement by obtaining a dismissal of the related Cosco litigation, confirming defendants' agreement to these terms.

The Settlement Agreement and Release merely documents the terms already agreed upon by the parties at the settlement conference. The fact that neither John Clark not Peter Donatelli have signed the Settlement Agreement does not bar enforcement of the settlement as they clearly agreed to its terms orally before Magistrate Judge Lovegreen. Accordingly, USF&G requests

that this Court enforce the agreement and enter judgment in its favor for the full amount sought in this case, plus interests and costs.

**CONCLUSION**

For the foregoing reasons, plaintiff USF&G respectfully requests that the Court enforce the settlement reached between the parties on October 17, 2006 and enter judgment in favor of USF&G in the amount of $271,604.00, plus interests and costs.

Respectfully submitted,

UNITED STATES FIDELITY AND
GUARANTY COMPANY

By its attorneys,

*/s/ CharCretia V. Di Bartolo*

CharCretia V. Di Bartolo (#5862)
HINSHAW & CULBERTSON LLP
127 Dorrance Street
Providence, RI 02903
Telephone: (401) 454-7700
Facsimile: (401) 454-8855

Dated: January 2, 2007

**CERTIFICATE OF SERVICE**

I, CharCretia V. Di Bartolo, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 2, 2007.

*/s/ CharCretia V. Di Bartolo*

CharCretia V. Di Bartolo